Linville **TARTER**, Appellant,

v.

Arnold **TURPIN** et al., Appellees.

Court of Appeals of Kentucky.

June 15, 1956.

Leonard E. Wilson, Jamestown, for appellant.

Fritz Krueger, Meriel D. Harris, Somerset, for appellees.

HOGG, Judge.

Appellant, Linville Tarter, brought this action seeking dissolution of Somerset Produce Company, a partnership composed of himself and the appellees, Arnold Turpin and others, and engaged in the business of buying and selling poultry, eggs, and allied products. The appellant asked that the assets be sold and the proceeds of the sale divided among the partners according to their interest in the partnership. Before the case was tried, the parties reached an agreement whereby the partnership was dissolved. Appellant sold his interest in the partnership to appellee, Arnold Turpin, excluding from the sale an egg cooling system located in a building belonging to appellee. The question before the court to determine is whether the cooling system is a permanent fixture and, therefore, a part of the building belonging to appellee, or a part of the assets of the Somerset Produce Company. The lower court decided that the cooling system was not a part of the assets of the partnership, and entered judgment for the appellee Turpin.

The case was tried wholly upon a stipulation of facts, the material parts of which are: Prior to the time appellant became a partner in the Somerset Produce Company, appellee Turpin, being the owner of a building adjacent to the business of the produce company, caused to be constructed therein an egg cooling system consisting of a compressor, a fan, and a cooling room. The unit was installed with the intention of remaining permanently in the building, or during the useful lifetime of the unit. The building would suffer material damage if the cooling system were removed, as would the equipment itself. The two walls and ceiling constructed on the inside of said building were affixed to the building. In December, 1949, appellant purchased a one-third interest in the partnership, and at that time a complete inventory was made of the assets of the company. In this inventory, the egg cooling system was specifically mentioned and included as a part of the assets of the partnership and listed at the price of $2,700. (Its value at the time of the suit was $1,350.) From the date of the first inventory and purchase to the date the partnership was dissolved, the cooling system was carried each year on the company books as a part of the assets, and was used solely in carrying on the business of the partnership.

Appellee attempts to establish that the cooling system was not the property of the partnership by the argument that it was a permanent fixture and part of the building owned by him. A permanent fixture is properly fixed to the realty so that it becomes a part or parcel of the realty, giving the owner of the realty the same rights to it as the soil itself. Bank of Shelbyville v. Hartford, 268 Ky. 135, 104 S.W.2d 217. Questions as to whether chattels are to retain their character as personalty, or become part of the realty, arise principally in situations involving a vendor and vendee, mortgagor and mortgagee, landlord and tenant, owner of life estate and remainderman, and seller under conditional sales contract and claimants. While we have found no case which has applied this principle to a situation involving the determination of the assets of a partnership, we apprehend no reason why we should not apply the principle to the controversy at hand.

In Doll v. Guthrie, 233 Ky. 77, 24 S.W.2d 947, the general rule is laid down that in determining whether an article is a permanent fixture three tests are applied: First, annexation to realty, either actual or constructive; second, adaptation or application to the use or purpose that the part of the realty to which it is connected is appropriated; and, third, the intention of the parties to make the article a permanent accession to the freehold with title to the article in the one owning the freehold. This court has further said, and it is the general rule, that the controlling factor is the intention of the parties. American Rolling Mill Co. v. Carol Mining Co., 282 Ky. 64, 137 S.W.2d 725.

The stipulation reveals the cooling system was "installed with the intention of said unit remaining permanently in said

building, or during the useful life of said unit," and it is further stipulated that the building would suffer material damage if the unit were removed. However, it is apparent that the parties regarded the system, after installation and annexation, as property owned by the partnership. This is a relevant and potent circumstance in the determination of the intention of the parties, which, as pointed out above, is the controlling factor in determining whether or not an article is a permanent fixture. American Rolling Mill Co. v. Carol Mining Co., 282 Ky. 64, 137 S.W.2d 725. Too, it cannot be determined from the limited facts in this case if the cooling system was adapted to the use or purpose of the realty owned by the appellee. On the other hand, the cooling system was certainly adapted to the purposes of the partnership.

Appellant strongly contends that the acts of appellee Turpin, in selling him a one-third interest in the cooling system, which was included as a part of the assets of the partnership in the inventory, and in accepting appellant's money in payment for the cooling system, constituted acts which equitably estopped appellee from claiming that the cooling system was not a part of the assets of the partnership. In answer to this argument, appellee contends that estoppel will not apply because appellant knew of the annexation of the fixtures to the building and was not induced to act to his prejudice solely by reason of the cooling system being affixed to the building. However, it should be borne in mind that knowledge of annexation did not necessarily preclude appellant from being misled as to ownership. Further, the misleading representation was not the affixation of the equipment, but the manifestations in the inventory.

◼ The theory of estoppel, as a general rule, is applicable to preclude one from claiming that an article annexed to realty is a part of it. See, 36 C.J.S., Fixtures, § 58. As defined by 19 Am.Jur., Estoppel, section 34:

"* * * Equitable estoppel or estoppel in pais is the principal by which a party who knows or should know the truth is absolutely precluded, both at law and in equity, from denying, or asserting the contrary of, any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing his position in such a way that he would suffer injury if such denial or contrary assertion were allowed."

See also, P. V. & K. Coal Co. v. Kelly, 301 Ky. 180, 191 S.W.2d 231; Warfield Natural Gas Co. v. Marcum, 301 Ky. 813, 193 S.W. 2d 461. In Young v. Venters, 229 Ky. 806, 18 S.W.2d 277, the court said that "equitable estoppel is applied to transactions where it is found that it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced, or of which he accepted benefit."

◼ We repeat that the cooling system was made a part of the inventory of the partnership assets before appellant parted with his money and became a purchaser in the partnership. The value of the cooling system was set forth in the inventory. It seems apparent to us that appellant, relying on this manifestation, may have paid more for his interest in the partnership with the cooling system included than he would have had it not been included. The partnership, of which appellee was a member, received the money which appellant paid for his interest.

We conclude that the evidence is sufficient to support the application of the doctrine of estoppel. The court erred in dismissing appellant's claim of ownership of an interest in the cooling system and should have entered a judgment holding that the cooling system was a part of the partnership assets.

The motion for an appeal is sustained, and the judgment is reversed for proceedings not inconsistent with this opinion.