**TERRY & WRIGHT OF KENTUCKY,**
**Appellant,**

**v.**

**Sarah CRICK et al., Appellees.**

Court of Appeals of Kentucky.

June 30, 1967.

Rehearing Denied Sept. 29, 1967.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellant.

Richard L. Frymire, Moore, Morrow & Frymire, Madisonville, for appellees.

EDWARD P. HILL, Judge.

This is an appeal from a judgment of $3250 for damages claimed by appellees to have resulted from blasting done in connection with the making of a cut for the Western Kentucky Parkway that runs near appellees' property.

■ Nineteen "questions" are "presented" by appellant on this appeal. In questions I, II, III, IV, V, VI, and XV, appellant takes the position that the pleadings, evidence, and instructions should have separated the damages caused from flying rock (actual trespass) from those caused by concussion and vibration from blasting. Appellant argues that under our case law, proof of negligence is required in cases for damages from concussion or vibration from blasting. Numerous cases are cited, including the Jacobs case hereinafter referred to. The trouble with this argument is that a few months before the date of appellant's brief this court overruled Jacobs in Lynn Mining Co. v. Kelly, Ky., 394 S.W.2d 755, 758, (1965) by stating:

"For reasons difficult to understand, we have held it necessary to prove negligence in *blasting* cases where the damage was caused by concussions or vibrations as opposed to the casting of physical objects on the plaintiff's land. See Al-

dridge-Poage, Inc. v. Parks, Ky., 297 S.W.2d 632; Marlowe Construction Company v. Jacobs, Ky., 302 S.W.2d 612; and cases cited therein. The soundness of this theory was questioned in both of those opinions and it was repudiated in the two cases cited in the preceding paragraph. In the latter it was recognized that an invasion of another's right to the use and enjoyment of his property constituted a trespass and the exercise of due care is not a defense. The present Kentucky law is that a plaintiff, claiming to have been injured by the creation or maintenance of a nuisance, may be entitled to relief without allegation or proof of negligence on the part of the defendant. The Parks and Jacobs cases, just above cited, and those of similar import, are expressly overruled to the extent they adopted a contrary rule."

■ Question VII, raised by appellant, relates to certain questions and arguments of counsel for appellees in regard to "inconvenience" suffered by appellees during the five months blasting was in progress. Appellees' attorney pointed out to the jury that this element was not compensable; so did the trial court in its admonition to the jury. Actually it was difficult to prevent the jury from realizing that there was some inconvenience sustained. There was evidence that windowpanes were replaced and again blown out the same day. On the whole, we cannot say the references to "inconvenience" were prejudicial.

■ Appellant's objections VIII and IX complain of evidence of Henry Lile, father of appellee Sarah Crick, in regard to a conversation he had with Lawrence Terry, president of the appellant company, in which Mr. Terry told him that in event his company did any damage to the Lile house, they would "build him a new house if they tore it down." Objection is also made to the reading of the deposition of Jack Reese, project superintendent of the appellant company.

Mr. Lile's evidence, even if unexplained, did not amount to an admission of liability on the part of Mr. Terry. He said "if" we tear it down. Furthermore, Mr. Terry explained the conversation by saying it was in a "jocular" vein as was usual between the two of them. We conclude this evidence was not prejudicial.

■ The reading of the deposition of Jack Reese was authorized by CR 26.04. The return on the subpoena for Reese showed he was in Indiana.

■ Questions X and XI have reference to the ruling of the trial court overruling appellant's motion to make Henry Lile a party plaintiff. Mr. Lile, father of appellee Sarah Crick, moved his house from a separate tract condemned by the Department of Highways onto the land of his daughter under some family arrangement undisclosed in the record. Mrs. Crick admitted the house belonged to her father and that she might pay him a part of any amount recovered. However, the Lile house was situated upon and attached to the tract owned and described by Sarah Crick in her complaint. Henry Lile's house thereby became a part of Sarah Crick's realty. Cf. Tarter v. Turpin, Ky., 291 S.W.2d 547, 60 A.L.R.2d 1205. Certainly the judgment herein is *res adjudicata* insofar as Lile is concerned. While we held in Campbell v. McCoy, Ky., 306 S.W.2d 843 (1957), that the doctrine of *res adjudicata* does not apply to one who merely participates in a case as a witness, we think this case is clearly distinguishable from the Campbell case in that in the present case Mr. Lile not only testified, but he had knowledge that his daughter filed her suit to include all items of damage, including the house he admitted in the evidence was "his house." He also negotiated with appellants for settlement of the claim. These circumstances taken with the well-settled rules pertaining to permanent attachments to real estate justify an exception to the general rule announced in Campbell. See 30 Am.Jur., Judgments, § 227; McKenzie v. Hinkle,

271 Ky. 587, 112 S.W.2d 1019; and Amburgey v. Adams, 196 Ky. 646, 245 S.W. 514.

 Question XII is a double-barrel proposition. The left barrel of this question is a repetition of the first seven "questions" hereinbefore discussed, and the right barrel points to the testimony of appellees' witness who emphasized appellees' damages in terms of "reconstruction" cost instead of costs of "repairs" as did the witnesses for appellant. We think these attacks on the evidence on damages are without merit.

Question XIII urges that the evidence mentioned in question XII should have been stricken. We do not agree.

Appellant next contends in question XIV that the amount of the verdict is excessive.

Appellees' witness Gamblin, who said he was a carpenter and contractor, told the jury the cost of repairs in his judgment was $4003.52 for the Crick house and $1790.87 for the Lile house. Appellant's witness estimated the cost of repairs necessary at an amount in excess of $800. The verdict was within the range of the evidence. While we are persuaded, particularly from photographs in the evidence, that the amount of the verdict is very liberal, we cannot say it is excessive.

Questions XVI and XVII advance the arguments that the trial court erred in refusing to instruct the jury on the doctrine of assumption of the risk by appellees and the doctrine of the duty to minimize their damages. We do not think either instruction appropriate.

Appellant also claims (XVIII) that it was prejudiced by the refusal of the trial court to admit a certified copy of the condemnation judgment in the action wherein the state condemned Mr. Lile's property. This judgment has no bearing upon the issues in the present case. The trial court was correct.

Having arrived at question XIX, we find appellant's final objection concerns the propriety of the ruling of the trial court overruling the motion of appellant to allow the jury to view the property claimed to have been damaged. In condemnation cases, this court has held that except in "unusual or extreme circumstances," it is the duty of the court to allow the jury to view the property as directed in KRS 177.087. We have no statute relating to ordinary actions for damages to land. Cf. Illinois Cent. R. Co. v. Frost, Ky., 124 S.W. 821.

The judgment is affirmed.

All concur.