**CITY OF GEORGETOWN, Kentucky, Appellants,**

**v.**

**Lewis MULBERRY, Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1972.

Clay McKnight, Jr., Bradley & Bradley, David L. Knox, Georgetown, for appellants.

Richard M. Compton, E. Durward Weldon, R. Bruce Lankford, Georgetown, for appellee.

CULLEN, Commissioner.

For many years, the office of chief of police of Georgetown, a fourth-class city, was an elective office. On January 2, 1969, the city council adopted an ordinance making the office an appointive one, effective at the end of the current term of the office on the first Monday in January of 1970. Under KRS 95.720 the city council had the authority to take such action. See Cawood v. Hensley, Ky., 247 S.W.2d 27.

Notwithstanding the above ordinance, the incumbent chief of police, Lewis Mulberry, proceeded to seek the Democratic nomination for the office at the primary in May 1969, and being successful in that venture, ran unopposed for and was elected to the office at the regular election in November 1969. (The county clerk, responsible for listing the offices to be voted for, and the candidates for those offices, at the primary and general elections, treated the office as still being an elective one.)

Mulberry knew of the ordinance and he had received an opinion of the Attorney General of Kentucky that the city council had authority to enact such an ordinance, but he was of the opinion that the ordinance might not have been passed in a procedurally valid way.

The members of the city council knew of Mulberry's campaigning for nomination and election to the office, that he claimed some ground of invalidity of the ordinance, and that the county clerk was treating the office as one still to be voted for, but the council took no action to stop the election.

In January 1970 Mulberry claimed the office but the city council rejected his claim and appointed another person to the office. Mulberry then brought the instant action against the city, claiming the right to the office and its emoluments. The circuit court, being of the opinion that the city was *estopped* to rely on the ordinance, entered judgment upholding Mulberry's claim. The city has appealed.

The circuit court appears to have based its finding of an estoppel solely on the "silence and inaction" of the city council in not taking positive steps to stop the election. The court was of the opinion that it would be "unfair and inequitable" to deny Mulberry the office under the circumstances.

We can see absolutely no equities in Mulberry's favor in the circumstances of this case. He knew the ordinance had been passed; he had received a legal opinion that the city had the right to pass such an ordinance; and the city council had in

no way represented to him that it would not proceed to put the ordinance into operation on its effective date in January 1970. Mulberry had only a vague hope that the ordinance might prove to be invalid on procedural grounds. It appears to us that Mulberry simply gambled that he could succeed eventually in having the ordinance declared invalid. We are not persuaded that the city council, when Mulberry chose to proceed on the gamble that the ordinance might be invalid, was under any obligation to proclaim that it had passed the ordinance in good faith, and to bring suit to validate the ordinance.

■ It is true that silence and inaction, where there is a *duty* to speak and to act, are factors to be considered, with other factors, in determining whether an estoppel should be invoked, but no estoppel arises from mere silence where the facts are equally known to both parties. Winkle v. Jones, Ky., 265 S.W.2d 792.

■ One of the requirements for an estoppel is that the person asserting it have been "excusably ignorant of the true facts" and that he have changed his position to his material detriment in reliance upon the words or conduct, affirmative or negative, of the other party. Tarter v. Turpin, Ky., 291 S.W.2d 547. Here, Mulberry was not ignorant of the true facts, and his position of running for the office was at the most continued, and not taken originally, by reason of anything that could be attributed to the city council.

■ The circuit court seemed to be of the view that some inequity was done to the *voting public* by reason of the city council's not taking steps to stop the election. 1969 was the election year for county offices and the office of chief of police of Georgetown was only one of numerous offices on the ballot. It does not appear that the inclusion of that office on the ballot subjected the voting public to any material detriment.

The judgment is reversed with directions to enter judgment for the defendant city.

All concur.