Calvin E. CARMAN et al., Plaintiffs
and Respondents,

v.

Bert SLAVENS, and Clinton Perry, dba P. S.
Construction Company, Defendants
and Appellant.

No. 14046.

Supreme Court of Utah.

Feb. 4, 1976.

S. Rex Lewis, of Howard, Lewis & Petersen, Provo, for Slavens, defendant-appellant.

Gary D. Stott, Provo, for Perry, defendant-appellant.

Robert M. McRae, of McRae & Richardson, Salt Lake City, for plaintiffs-respondents.

CROCKETT, Justice:

Defendant Bert Slavens appeals from an order of the district court that his answer be stricken and summary judgment be entered against him for his failure to appear

on a notice to take his deposition and produce documents. We vacate the order and remand for trial on the merits.

Plaintiffs commenced this suit in 1974 against Slavens and Clinton Perry seeking recovery for unpaid debts and mechanic's liens in connection with the defendants' construction of an apartment building and residence for the plaintiff in Duchesne. On March 14, 1974, service of process was obtained on Slavens in Green River, Wyoming.[1] On March 27, 1974, a notice was given requiring him to appear at 10:00 o'clock on April 26, 1974, at the office of plaintiffs' attorneys in Salt Lake City, Utah, to have his deposition taken. Slavens' attorney was also served with a demand for documents to be produced at the scheduled deposition.

■ Defendant Perry appeared and was examined. But defendant Slavens failed to appear or to produce the requested documents. On April 29, 1974, Slavens' attorney withdrew as his attorney, but continued to represent defendant Perry. No notice to appoint counsel nor to appear in person was ever given to Slavens.[2]

On May 21, 1974, the plaintiffs filed motions for summary judgment and/or to strike Slavens' answer and invoke other sanctions under Rule 37, U.R.C.P. An objection to these motions was filed for Perry, but not for Slavens, who at that time had no counsel of record. However, on June 4, 1974, the motions were denied. Several months later, on December 20, 1974 a pretrial conference was held at which time Slavens' present counsel, S. Rex Lewis, entered his appearance. During the discussion in the pretrial conference the court indicated that he would reexamine the motion for summary judgment; and also allowed Mr. Lewis to file an amended pleading for Slavens. Four

days later, on December 24, Mr. Lewis filed on behalf of defendant Slavens an amended answer and counterclaim and affidavits countering plaintiff's affidavits.

On February 7, 1975, oral argument was presented to the court in regard to the plaintiffs' motion for summary judgment and Slavens' counsel's motions to amend pleadings. During the discussion the court stated that because there did not appear in the record any justification for Slavens' failure to appear at the deposition and produce the documents he would order that Slavens' answer be stricken and his default entered therein. Pursuant thereto a default partial summary judgment of $3,841.66 was rendered against Slavens and the court reserved the right to enter further judgment against him.[3]

In support of the order just recited, plaintiff relies on these provisions of our Utah Rules of Civil Procedure:

Rule 37(d), U.R.C.P., reads:

If a party . . . fails (1) to appear . . . to take his deposition, after being served with a proper notice . . . the court in which the action is pending on motion *may make such orders . . . as are just*, and among others *it may take any action* authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The (C) just referred to authorizes:

An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, *or rendering a judgment by default against the disobedient party*. [Emphasis added.]

Plaintiff points out that prior to its amendment, effective July 1, 1972, the first sentence of Rule 37(d) contained the word

---

1. There was later a general appearance by Slavens and the acquisition of jurisdiction over him is not in issue here.

2. Though this may not have been technically necessary, it is one of the circumstances that should be given consideration in determining

whether Slavens should be summarily turned out of court.

3. That statement of material facts is without any substantial dispute is acknowledged in the plaintiffs' brief.

"wilfully" fails to appear, etc.; and that in the readopted form that word was deleted. In that regard it is to be observed that this was a re-enactment of the rule to harmonize it with the Federal Rule 37(d); and further, that there is no reason to assume the omission of the word "wilfully" was done with any deliberate purpose to affect a significant change in meaning or to confer any mandatory or arbitrary power on the court.

 The language of the rule as presently worded is permissive, rather than mandatory, wherein it states: that the court "may make such orders . . . as are just, and . . . may take any action . . ." etc. This grants the court discretionary authority to impose the sanctions mentioned. It is true that where the authority to perform a proposed action rests within the discretion of the court we must allow considerable latitude in which he may exercise his judgment. But this does not mean that the court has unrestrained power to act in an arbitrary manner.[4] Fundamental to the concept of the rule of law is the principle that reason and justice shall prevail over the arbitrary and uncontrolled will of any one person; and that this applies to all men in every status: to courts and judges, as well as to autocrats or bureaucrats. The meaning of the term "discretion" itself imports that the action should be taken within reason and good conscience in the interest of protecting the rights of both parties and serving the ends of justice.[5] It has always been the policy of our law to resolve doubts in favor of permitting parties to have their day in court on the merits of a controversy.[6]

It is our opinion that under the circumstances shown the striking of defendant Slavens' pleadings and entering judgment against him was an abuse of discretion; and that the interests of justice will best be served by vacating that order and remanding the case for trial. It is so ordered. The parties to bear their own costs.

ELLETT, TUCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., dissents.

4. See *Davis v. Riley*, 20 Utah 2d 325, 437 P.2d 453; *State v. District Court of Jefferson County*, 213 Iowa 822, 238 N.W. 290; *Kentucky Nat. Park Commission ex rel. Com. v. Russell*, 301 Ky. 187, 191 S.W.2d 214; 48 C.J.S. Judges § 44.

5. *State v. Duncan*, 270 N.C. 241, 154 S.E. 2d 53, 57.

6. See a good statement by Justice Folland in *Hurd v. Ford*, 74 Utah 46, 276 P. 908; and see *Ney v. Harrison*, 5 Utah 2d 217, 299 P. 2d 1114.