Piero G. RUFFINENGO, Plaintiff
and Appellant,

v.

Robert F. and Nancy H. MILLER, the Art
Company, J. Blair Jones, John Does 1
through 20, Defendants and Respondents.

No. 15348.

Supreme Court of Utah.

May 5, 1978.

Nann Novinski Durando, Salt Lake City, for plaintiff and appellant.

Anthony L. Rampton, Salt Lake City, for defendants and respondents.

HALL, Justice:

Plaintiff (hereinafter "Ruffinengo") appeals from a summary judgment dismissing his suit to enjoin the construction of a house by defendants (hereinafter "Miller") alleged to be in violation of a restrictive covenant prohibiting the construction of dwellings in excess of two stories.

The basic facts presented to the trial court are as follows: the litigants are the owners of adjacent lots in Northcrest Subdivision which share a common boundary, although one lot is in Plat "E" and the other in Plat "F" of said subdivision; the two plats were developed by separate corporate entities hence the lots in question were ostensibly not acquired from a common grantor, however, Ruffinengo maintains that both corporations were wholly owned by one James B. Cunningham; the lots in both plats are subject to the same restrictive covenants as to structure height, they merely having been imposed by different developers; the covenants specifically provide for enforcement by any "owner or owners of any of the lots in said subdivision;" prior to the filing of the instant case, Miller had successfully defended a nearly identical lawsuit brought by two other lot owners in the subdivision wherein it was determined that the dwelling was not in violation of the covenants.

The trial court determined, as a matter of law, that Ruffinengo had no standing to maintain the action since his grantor was not common to Miller's and that he was further barred by the doctrine of collateral estoppel since the issue presented had already been determined in the prior proceeding. Ruffinengo contends the trial court erred in so doing, and we agree.

Summary Judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[1] If there is any genuine issue as to any material fact, summary judgment should be denied.[2]

The issue of standing raised in the pleadings is one of material fact which precludes the entry of summary judgment. The covenant in question is found in the chain of title of all lots in the subdivision and purports to allow enforcement by any and all lot owners.

Ruffinengo contends he and Miller did derive their titles from a common grantor since the corporate developers were in fact one and the same. It has long been established that if a general scheme for building or development is intended by the original grantor, subsequent grantees may bring action against each other to enforce restrictive covenants, and such intent may be shown by the acts of the grantor and the attendant circumstances.[3] It necessarily follows that Ruffinengo should be afforded the opportunity to make such a showing by presenting his evidence.

As to the matter of collateral estoppel, it is to be noted Ruffinengo was not a party nor in privity with a party in the prior suit against Miller. Consequently, he cannot be bound by that proceeding. Collateral estoppel is not a defense as against a litigant who was not a party to the action and judgment claimed to have created an estoppel.[4]

The proposition was clearly stated in *Blonder-Tongue v. University of Illinois Foundation*[5] as follows:

1. Rules of Civil Procedure, Rule 56(c); *In re Williams' Estates*, 10 Utah 2d 83, 348 P.2d 683 (1960).

2. *Young v. Felornia*, 121 Utah 646, 244 P.2d 862 (1952).

3. *Hayes, et al. v. Gibbs, et al.*, 110 Utah 54, 169 P.2d 781 (1946), citing *Korn v. Campbell*, 192 N.Y. 490, 85 N.E. 687 (1908).

4. *Carmen v. Slavens*, Utah, 546 P.2d 601 (1976); *Halling v. Industrial Commission of Utah*, 71 Utah 112, 263 P. 78 (1927).

5. 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

Some litigants—those who never appeared in a prior action—may not be collaterally estopped without litigating the issue. They never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position.

It is also to be noted that if the doctrine should be applied to these facts that Ruffinengo would be denied his constitutional right to appeal because he was not a party to the prior suit.

Miller's contention that if Ruffinengo is not estopped all other lot owners could also sue and that the burden of litigation and accompanying expense would be enormous, has no real merit for he needed only resort to Rule 19(a) [6] to protect against such eventualities. The rule reads in part as follows:

. . . persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, or his consent cannot be obtained, he may be made a defendant or, in proper cases, an involuntary plaintiff.

Miller's further contention that Ruffinengo was "in privity" simply because he had an identical right to his neighbor's that was previously adjudicated is not persuasive. This is so for two basic reasons:

(1) It is not at all unforeseeable that Ruffinengo might reach a different result than did the other lot owners in the prior suit, simply because he may present a far different or convincing case.

(2) This court has a consistent policy of resolving doubts in favor of permitting parties to have their day in court on the merits of the controversy.[7]

Reversed and remanded for further proceedings not inconsistent with this opinion.

CROCKETT, and MAUGHAN, JJ., concur.

---

ELLETT, Chief Justice (concurring in part and dissenting):

The question presented by this appeal is this: can an owner of land adjoining land subject to restrictive covenants enforce those restrictions?

The plaintiff owns land in Plat E which was owned and developed by Northcrest Manor, Inc. Phenix Investment, Inc., another corporation, purchased the stock of Northcrest Manor and thereafter transferred certain land previously owned by Northcrest Manor, Inc. to a corporation called Northcrest Investment which developed the land and subdivided it as "Northcrest Subdivision, Plat F." In connection with the development the then owner filed a document in the office of the County Recorder of Salt Lake which so far as material hereto reads:

KNOW ALL MEN BY THESE PRESENTS:

THAT, WHEREAS, NORTHCREST INVESTMENT CORPORATION, is the owner of Northcrest Subdivision, Plat "F", situated in Salt Lake County, State of Utah, and it desires and intends to sell and convey the same to purchasers for the purposes herein contemplated, and in order to restrict the use of said property and thereby enhance the value thereof, it hereby agrees with all who shall purchase said property, or any part thereof, that in consideration of such purchase and use thereof, said property shall be and is restricted in the following respects, to wit:

USE OF LAND: Each lot in said subdivision is hereby designated as a residential lot, and none of the said lots shall be improved, used or occupied for other than private, single family residence purposes, and no flat or apartment house shall be erected thereon, and no structure shall be erected or placed on any of said lots other than a one, two or three car garage not exceeding one story in height, and one single family dwelling not to exceed one story in height; . . .

---

6. Utah Rules Civil Procedure.

7. *Carmen v. Slavens*, supra, footnote 4.

The plaintiff owns no land in Plat F but does own a lot in Plat E which abuts against the defendants' land in Plat F.

One James B. Cunningham made an affidavit which was filed with the trial court. The contents thereof were not disputed. The affidavit is as follows:

JAMES B. CUNNINGHAM, under oath, hereby deposes and states:

1. I am the president of the Northcrest Investment Corporation, the developer of Plat "F" of the Northcrest Subdivision. I have been president of this corporation since the date of its incorporation.

2. That neither the Northcrest Investment Corporation nor myself personally participated and/or owned an interest in the development of Plat "E" of the Northcrest Subdivision.

3. When Northcrest Investment Corporation acquired the property identified as Northcrest Subdivision, Plat "F" there was no restrictive covenant encumbering the property.

4. I made the attached restrictive covenants applicable to the lots in Plat "F" Northcrest Subdivision, together with the buyers of such lots, by recording the same in the Office of the Salt Lake County Recorder on or about August 21, 1967.

5. *The primary purpose and intent of the height restrictions contained within the attached covenant is to protect the view of the Salt Lake valley for those lots in Plat "F" on the uphill side of property subject to the restrictions.* [Emphasis added.]

Whether or not a restrictive covenant applies to land is a matter of intent on the part of the one who imposes the restrictions.[1] In this case it is clear that when the restrictions were placed upon Plat F by Mr. Cunningham, the president of Northcrest Investment Corporation, he did so to protect the view of owners on the *uphill side of the land in that plat.*

It is to be noticed that plaintiff does not claim that defendants' land is subjected to any restrictions other than those set out by Northcrest Investment Corporation as above set forth. There is no claim that any prior restriction made by anyone other than Northcrest Investment, Inc. confers any right upon the plaintiff to object to the manner in which the defendants propose to build their home. At the time the restrictions were made to apply to "Northcrest Subdivision, Plat F" the Northcrest Investment Corporation did not own any of the land in Plat E in which plaintiff's land is located.

I concur in the holding that the plaintiff is not estopped from bringing this suit because of any "collateral estoppel," but I dissent from the order remanding the case for trial. There are no disputed issues of fact shown in this case and I think the trial court correctly ruled that the plaintiff had no right to maintain the suit. I would affirm that ruling and award costs to the respondent.

WILKINS, J., concurs in the views expressed in the concurring in part and dissenting opinion of Mr. Chief Justice ELLETT.

---

1. 20 Am.Jur.2d, Covenants etc., Sec. 292; see the annotation in 89 A.L.R. at page 812.