Ronald L. BAXTER and Shirley Diane
Baxter, husband and wife, Plaintiffs
and Appellants,

and

Rio Vista Oil Ltd., a Utah corporation,
an Involuntary Plaintiff,

v.

UTAH DEPARTMENT OF TRANSPOR-
TATION, Defendant, Third-Party
Plaintiff and Respondent,

v.

Robert Rees DANSIE and Marie Grow
Dansie, his wife; Davis County Com-
missioners; Davis County Assessor;
Davis County Recorder; and Weber
County, a body politic of the State of
Utah, Third-Party Defendants.

No. 19097.

Supreme Court of Utah.

Aug. 26, 1985.

Rehearing Denied Sept. 17, 1985.

Glen E. Fuller, Salt Lake City, for plain-
tiffs and appellants.

David L. Wilkinson, Atty. Gen., Stephen
C. Ward, Asst. Atty. Gen., Salt Lake City,
Brent D. Johns, Ogden, for defendant,
third-party plaintiff and respondent.

HOWE, Justice:

In this quiet title action, defendant Utah
Department of Transportation moved for
and was granted summary judgment in the
trial court on the basis that a judgment in a
prior action collaterally estopped plaintiffs
from bringing this action. Plaintiffs ap-
peal, claiming that the prior action does not
bind them since they were neither party
nor privy to it.

At a Davis County tax sale in 1969, plain-
tiff Ronald L. Baxter, together with Ronald
Toone and Thomas Hollberg (owner of
plaintiff Rio Vista Oil), purchased an 18-
acre tract of land from defendant Davis
County. The deed was issued to the three
purchasers as tenants in common. In 1970,
they split the 18 acres by quitclaiming to
each other, so as to give each of them full
ownership of a 6-acre parcel. The entire 18
acres lie north of the present course of the

Weber River, which ostensibly marks the south boundary of Weber County and the north boundary of Davis County.

In 1975, LeGrande Johnson Construction Company, a contractor doing work for the Utah Department of Transportation, entered onto Toone's parcel (the westerly six acres) and began removing road building materials. Toone brought an action against Johnson to recover the value of the materials removed. Johnson defended, claiming that Toone did not own the land because it was north of the river, putting it in Weber County; thus the Davis County tax title under which he claimed title was void. The parties stipulated that the location of the Weber River upon statehood (January 4, 1896) marked the boundary between Weber and Davis Counties. Toone argued that in 1896 the river was located 1,000 feet north of its present location and that the land was then and is still in Davis County, making valid the tax title. A jury upheld Johnson's defense and denied Toone's claim for damages.

Defendants contend that plaintiffs are collaterally estopped from bringing this action because the boundary between Davis and Weber Counties was established in the Toone action for all three of the grantees of the tax title. They urge that Baxter, in particular, is collaterally estopped because he was a witness at the trial of the Toone action, was fully acquainted with the character and objective of Toone's action, and was interested in the results of that action because a favorable ruling there would have validated the title to his land. They further urge that he afterward retained Toone's lawyer to bring this action, which was tried by the same judge who presided over Toone's jury trial.

■ In *Searle Brothers v. Searle*, Utah, 588 P.2d 689 (1978), we adopted the test set forth in *Bernhard v. Bank of America National Trust & Savings Association*, 19 Cal.2d 807, 122 P.2d 892 (1942), to determine when a party is collaterally estopped from litigating an issue:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?
2. Was there a final judgment on the merits?
3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

*Searle Brothers* also recognized an additional element later added by the California Supreme Court in *Teitelbaum Furs, Inc. v. Dominion Insurance Co.*, 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439 (1962), *cert. denied*, 372 U.S. 966, 83 S.Ct. 1091, `˙˄` L.Ed.2d 130 (1963), namely:

4. Was the issue in the first case completely, fully, and fairly litigated?

If any of these four elements are not satisfied, then summary judgment based on the doctrine of collateral estoppel is not available. *Wilde v. Mid-Century Insurance Co.*, Utah, 635 P.2d 417 (1981); *see Robertson v. Campbell*, Utah, 674 P.2d 1226 (1983); *Richards v. Hodson*, 26 Utah 2d 113, 485 P.2d 1044 (1971).

■ Collateral estoppel cannot be invoked in this instance because Baxter was not a party to the Toone action, *see Bank of Vernal v. Uintah County*, 122 Utah 410, 250 P.2d 581 (1952), and there was no privity between Baxter and Toone, *see Nielson v. Droubay*, Utah, 652 P.2d 1293 (1982); *Ruffinengo v. Miller*, Utah, 579 P.2d 342 (1978). Toone alone was the plaintiff in the prior action. Although Baxter owned the tract adjoining Toone's tract, no materials were taken from the Baxter property by Johnson Construction Company. Even assuming that Baxter had the right to intervene in the Toone suit, we have held that where a party has a right to intervene but fails to do so, he is not bound by the judgment. *Searle Brothers v. Searle, supra.* Baxter's only direct connection with the Toone suit was that he appeared as an expert witness for Toone, furnishing surveying testimony. Defendant does not claim and there is nothing before us to suggest that Baxter had any control over the Toone litigation. It is widely held that the sole fact that a person is a witness in

an action does not, by itself, establish privity with any of the parties to that action. To establish privity, the witness also must have had some control over the litigation. *Rynearson v. Firestone Tire & Rubber Co.,* 43 Or.App. 943, 607 P.2d 738 (1979); *Elliott v. Brown,* Alaska, 569 P.2d 1323 (1977); *see also Restatement (Second) of Judgments* § 39 (nonparty who controls action is bound by judgment). It is of no consequence that the witness afterward employs the same attorney. *Rynearson v. Firestone Tire & Rubber Co., supra; In re Estate of Richardson,* 250 Iowa 275, 93 N.W.2d 777 (1958). Some of the cases stress that in order to establish privity the witness in the prior action must have had the right to appeal. *Crockett v. Harrison,* 26 Ill.App.2d 9, 167 N.E.2d 428 (1960); *Baltimore & Ohio Railroad Co. v. Patrick,* 131 Ind.App. 105, 166 N.E.2d 654 (1960); *see also Ruffinengo v. Miller, supra.* That the witness had some interest in the outcome of the case is immaterial if he lacked control over the trial. *Parker v. Schmeltekopf,* Tex.Civ.App., 504 S.W.2d 817 (1974). Nor is an adjoining landowner in privity with his neighbor simply because they may have identical rights. *Ruffinengo v. Miller, supra.*

We recognize that a few jurisdictions hold that a party who does nothing more than appear as a witness is bound by the action, *Desimone v. Spence,* 51 Wash.2d 412, 318 P.2d 959 (1957), especially where the witness could have intervened, but chose not to, *Bacon v. Gardner,* 38 Wash.2d 299, 229 P.2d 523 (1951); *Moreland v. Meade,* 162 Md. 95, 159 A. 101 (1932). We decline to follow those jurisdictions since we resolve all doubts in favor of permitting parties to have their day in court on the merits of a controversy. *Ruffinengo v. Miller, supra.* We do note, however, that in some of the cases cited by defendant in support of invoking collateral estoppel, the witness had some additional interest in the outcome of the litigation. For example, in *Talbot v. Quaker-State Oil Refining Co.,* 104 F.2d 967 (3d Cir.1939), the witness was, in addition, a joint owner of the patent sued upon by the plaintiff.

In *Terry & Wright of Kentucky v. Crick,* Ky., 418 S.W.2d 217 (1967), the general rule that solely appearing as a witness is insufficient was recognized, but collateral estoppel was invoked there because the plaintiff's claim in the prior action actually included an item of damages sustained by the witness.

We need not address whether any of the other elements of collateral estoppel are present.

The summary judgment is reversed, and the case is remanded to the trial court for further proceedings.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.