**REVENUE CABINET, Commonwealth of Kentucky, Appellant,**

v.

**BRYANT–BURNETT COMPANY, INC., Appellee.**

Court of Appeals of Kentucky.

Jan. 23, 1987.

Discretionary Review Denied by Supreme Court March 24, 1987.

Celia M. Dunlap, Legal Services Section, Revenue Cabinet, Frankfort, for appellant.

Larry Cleveland, William A. Young Law Office, Frankfort, for appellee.

Before COOPER, DUNN and WILHOIT, JJ.

COOPER, Judge.

This is an appeal from an order of the circuit court reversing a ruling by the Kentucky Board of Tax Appeals which held that the appellee, Bryant-Burnett Company, Inc., was liable for sales and usage tax assessments in the amount of $4,674.10. On appeal, the principal issue is whether the trial court abused its discretion in ruling that the Board's decision was clearly erroneous as a matter of law. Reviewing the record below, we affirm. Given the fact that the circuit court, in reversing the decision of the Kentucky Board of Tax Appeals, more than adequately set forth the facts surrounding this litigation, as well as the legal issues involved, we adopt the trial court's order in full as follows:

This action is an appeal from a decision of the Kentucky Board of Tax Appeals.

The appellant, Bryant-Burnett Company, is a closely held corporation with its principal office in Louisville, Kentucky. Bryant-Burnett engages in the business of a heating and air conditioning contractor. Basically and primarily that business revolves around the sale and installation of heating and air conditioning systems. However, as an adjunct of that business, Bryant-Burnett maintains a "service department", the activities of which in large part are limited to servicing major items of heating and air conditioning equipment which the company had earlier installed under contract.

The question presented on this appeal is: Which of two regulations promulgated by the Department of Revenue (103 KAR 27:150) properly governs Bryant-Burnett's liability for the payment of Kentucky sales taxes? The Board of Tax Appeals held that 103 KAR 27:150, the repairer's regulation, applies. Section 1 of that regulation reads in part:

"Repairmen are retailers of parts and materials furnished in connection with repair work in which the value of the parts and materials is substantial in relation to the total charge."

Section 3 of this regulation states, in part:

"Repairmen ordinarily considered consumers may, however, be retailers subject to the tax if the property used is of substantial value."

The appellant, Bryant-Burnett, argues that 103 KAR 26:070, the construction contractor's regulation, applies. Section 1 of that regulation reads:

"All sales to contractors, subcontractors, builders or owners of building materials, fixtures and supplies which are to be incorporated or fabricated into any structure or improvement to real estate by the process of erecting, remodeling, or repairing such structure or improvement are subject to the sales or use tax at the time of sale to the contractor, subcontractor, builder or owner. This rule applies irrespective of the type of contract (lump sum and materials, cost plus fixed fee, or other) for which the purchase is made. A person, firm, association, part-

nership or corporation engaged exclusively in construction work as a contractor or subcontractor is not required to hold a retail sales permit. Such permit will not be issued to these persons."

There is no argument but that during the initial installation of central heating and air conditioning equipment by the appellant Bryant-Burnett pursuant to contract or subcontract with owners of buildings is not subject to the imposition of a sales tax as a "retail sale." This is clear from the regulation quoted above. The Cabinet, however, argues that when a heating and air conditioning contractor makes repairs to or affords service to heating and air conditioning installations earlier made by the contractor he is thrust into the posture of a "retailer" with respect to the parts and materials used.

The position of the Cabinet was accepted by the Board of Tax Appeals in its conclusions of law wherein the Board concluded that the repairmen's regulation applied. The Court disagrees. The correct regulation to govern this situation is 103 KAR 26:070. That regulation exempts from the classification of "retail sales" the sale, installation, servicing and repair of tangible personal property which falls into the category of "fixtures." In the circumstances at issue here the parts and materials used in the repair, reconditioning, or remodeling of the fixtures, although are personalty (sic) at the beginning of the process, are transformed during the process into "fixtures" which fall within the classification of "real property." Therefore, payment of sales tax thereon is governed by 103 KAR 26:070.

Therefore, the liability of Bryant-Burnett for the payment of sales and use taxes on parts and materials used in both the "service" and the "contracting" aspects of its business should properly be determined and fixed by the provisions of 103 KAR 26:070. This cause is remanded to the Board of Tax Appeals with directions to set aside its order and to enter in lieu thereof an order vacating and setting aside the assessment of the Revenue Cabinet against the appellant Bryant-Burnett for sales and use taxes out of which this action arose.

Finally, although the appellant argues that the appellee failed to perfect its appeal from the Kentucky Board of Tax Appeals to the circuit court, we find from a review of the record below, as well as an order issued by the circuit court in May of 1984, that it not only complied substantially with the statute in question—KRS 131.370(2), but as was determined by the circuit court, it strictly complied with the statute. Stated differently, we find no merit to the appellant's argument. The order of the trial court reversing the decision of the Kentucky Board of Tax Appeals is affirmed.

DUNN, J., concurs.

WILHOIT, J., dissents and files a separate opinion.

WILHOIT, Judge, dissenting.

I must respectfully dissent from the majority opinion. The majority holds that 103 KAR 26:070 exempts from the classification of retail sales the servicing and repair of tangible personal property which falls into the category of "fixtures." As far as I can see, this regulation does nothing of the kind. It exempts the sale of fixtures themselves, but says nothing about exempting the sale of parts used to repair what has already become a fixture. On the other hand, I do not agree with the appellant that the transactions at issue were already made subject to sales tax by 103 KAR 27:150. That regulation deals with repairs to "tangible personal property." The statute requires tangible personal property first of all be "personal property," see KRS 139.160, but it is not denied that the air conditioners here were permanent fixtures and had become a part of the realty at the time they were repaired. Cf. Tarter v. Turpin, Ky., 291 S.W.2d 547 (1956).

As a general rule exemptions from taxation are not favored and all doubts are to be resolved against exemption. See Delta Air Lines, Inc. v. Commonwealth, Ky., 689 S.W.2d 14 (1985). The parts furnished

by the appellee to its customers were tangible personal property, *see* KRS 139.160, and their delivery to the customers was a retail sale. *See* KRS 139.100; KRS 139.-260. In the absence of some specific exemption, these transactions appear to have been subject to the sales tax.

I do agree with the appellee, however, that the record seems to support a reduction in the assessment of sales tax to take into account the appellee's annual growth in sales over the assessment period. I would remand this case for an appropriate reduction.