526 P.2d 679 (1974)
Clara CAMPBELL, a/k/a Mrs. M. Campbell, Plaintiff-Appellant,
v.
GATES RUBBER COMPANY, Defendant-Appellee.
No. 74-042.
Colorado Court of Appeals, Div. I.
September 10, 1974.
*680 Walter L. Gerash, Fischer & Kenison, Louis M. Fischer, Howard Kenison, Denver, for plaintiff-appellant.
Dayton Denious, William P. Denious, Denver, for defendant-appellee.
Not Selected for Official Publication.
Not Selected for Official Publication.
VAN CISE, Judge.
Plaintiff, Mrs. Campbell, an employee of defendant Gates Rubber Company, appeals from a summary judgment dismissing her action for personal injuries. The dismissal was grounded on Gates' affirmative defense that Mrs. Campbell's exclusive remedy was under the Workmen's Compensation Act, C.R.S.1963, 81-1-1 et seq. We affirm.
The facts are not disputed. All of the pertinent events occurred on Gates property. After finishing her shift for the day and clocking out, Mrs. Campbell left the building in which she worked, and walked on a sidewalk toward her car which was in a parking lot owned and maintained by Gates for the convenience of its employees. She slipped on a patch of ice and fell, fracturing her wrist.
Mrs. Campbell instituted this action charging Gates with negligence in allowing a dangerous condition to exist on its property which caused her to suffer personal injury. She contended that she was not performing a service for her employer and that she was outside the scope of her employment at the time of the accident and that she was therefore entitled to bring a separate action against Gates as the owner of the premises.
Gates had complied with the requirements of the Workmen's Compensation Act, and it contended that the accident occurred in the course of plaintiff's employment and that her remedies were limited therefore to those provided under the Act. Proceedings under the Act have been stayed pending the outcome of this lawsuit.
State Compensation Insurance Fund v. Walter, 143 Colo. 549, 354 P.2d 591, is dispositive of the present action. In Walter, the court stated that although the general rule is that no compensation is recoverable by a workman who is injured while on his way to or from his work, "special circumstances bringing the accident within the scope of the employment" could give rise to benefits under the Act when the workman "is in the act of leaving the premises of his employer." It then held that where an employee is injured crossing a public street bisecting the premises of his employer while on his way to the place where parking space is assigned to him on the premises of his employer, his injuries are compensable under the Act as a matter of law. See also Sieck v. Trueblood, 29 Colo.App. 432, 485 P.2d 134.
Plaintiff's injuries were incurred in the "scope of her employment," and Gates had complied with the provisions of the Act. Plaintiff has no cause of action against *681 Gates except under the Act. 1967 Perm. Supp., C.R.S.1963, 81-3-2. The summary judgment was properly entered.
Judgment affirmed.
SILVERSTEIN, C. J. and COYTE, J., concur.