Eldon L. ANDERSON, dba Silver Dollar Lounge, Plaintiff and Appellant,

v.

UTAH COUNTY BOARD OF COUNTY COMMISSIONERS, Yukus Y. Inouye, Karl R. Lyman, and Kenneth J. Pinegar as Commissioners, Defendants and Respondents.

No. 15653.

Supreme Court of Utah.

Jan. 4, 1979.

M. Matt Biljanic, Midvale, for plaintiff and appellant.

Noall T. Wootton, Utah County Atty., Provo, Guy R. Burningham, Deputy Utah County Atty., Sandy, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Eldon L. Anderson appeals from an order of the district court which sustained the denial of his application for the renewal of his Class "B" beer license by the defendant Utah County Commission. He contends: (1) that the court failed to make adequate findings of fact to support its affirmance of the Commission's action, and (2) that the Commission acted arbitrarily and capriciously in refusing to renew his license.

The plaintiff is the owner and operator of the Silver Dollar Lounge near Provo. On December 12, 1975, he applied for a renewal of his beer license. The Commission denied that application on July 12, 1976, and the plaintiff was given 30 days to appear before the Commission and present evidence to persuade the Commission that that action should be set aside and the license granted.

Pursuant to hearings before the County Commission, it made findings which, it is significant to note, are not the findings of the district court, nor incorporated therein; and denied plaintiff's application for the renewal of his license.

Plaintiff subsequently initiated this action in the district court for a review of the action of the County Commission, contending that the Commission's findings were not supported by the evidence and that it "abused its discretion by arbitrarily and capriciously denying the application."

The entire findings of the district court are as follows:

1. Pursuant to Court order, the Utah County Commission transmitted to the Court for its review, a certified copy of its proceedings in the matter of the application of the Plaintiff, Eldon L. Anderson, for a Class "B" beer license.

2. The Court received and reviewed the above-described proceedings of the Utah County Commission.

3. The Court further considered the pleadings on file, oral and written stipulations entered into by the parties, and memoranda and oral arguments of counsel.

We agree with the plaintiff's contention that the foregoing are not really "findings of fact" but are simply recitals of procedure. They do not constitute findings as required by Rule 52(a), U.R.C.P., which provides:

In all actions tried upon the facts without a jury . . ., the court shall *find the facts specially* and state separately its conclusions of law thereon . . . . [Emphasis added.]

It is true that we indulge the presumption of regularity in the proceedings before the trial court. But this does not suffice when the record itself exposes essential deficiencies. With certain exceptions, not applicable here, the just-quoted rule must be complied with and a judgment

**1216** 

cannot stand unless there are findings which will justify it.[1]

 The failure of the trial court to enter adequate findings requires that the judgment be vacated. In so ruling, it is appropriate that we make some observations regarding the plaintiff's claim that the Commission acted arbitrarily and capriciously.[2]

 The spirit of enterprise which impels a person to initiate and develop a business which provides services to the public and employment for others is vital to the common welfare. By the same token that a business must operate in accordance with lawful regulations and requirements, it should be the policy of the law, and of officials charged with its administration, to encourage such initiative and enterprise by according it all proper protections of the law. In harmony with that purpose there should be considerable difference in determining whether an application for a new license should be granted, as compared with the renewal of a license where the business has been established and operating for a number of years.[3]

There are respected authorities which affirm the proposition that the administrative body (the County Commission here) should not have the same breadth of discretion in refusing the renewal of the license of an operating business as it would in passing on an application for the establishment of a new business.[4] The reasonableness and justice of such a rule is apparent when one reflects on the practicalities of the situation where the business has been established and operating for some years and thus represents a substantial commitment in the time, effort and expense by the owner.[5]

 We do not desire to be understood as saying that an operating business necessarily has any such vested or inviolable right in the renewal of its license that the licensing authority is without discretion in determining whether it should be renewed.[6] On the other hand, inasmuch as the licensing of his business does represent a substantial property interest to the plaintiff, which also has its effect upon the public welfare, it should not be destroyed nor disrupted arbitrarily, nor without following fundamental standards of due process of law to guard against capricious or oppressive administrative action.[7]

 It is further pertinent to observe that because beer licenses are available on a quota system it seems especially reasonable and proper that a business which has had a license and has been in operation should have some preference over any new application; and that the operating business should have its license renewed unless there is some reasonable basis for denying it.[8] The same considerations of fundamental fairness and justice which prevent an administrative body from acting in a capricious or arbitrary manner in other areas of the law also apply in a beer license, even though it is a business which is subjected to a high degree of supervision and regulation in the interest of the public welfare.[9]

---

1. *LeGrand Johnson Corp. v. Peterson*, 18 Utah 2d 260, 420 P.2d 615 (1966) and cases therein cited.

2. That it is our duty to pass on matters which may become material when a case is remanded for further proceedings, see Rule 76(a), U.R. C.P.; *LeGrand Johnson Corp. v. Peterson*, supra note 1.

3. *Charles D. Kaier Co. v. Doran*, 42 F.2d 923 (E.D.Pa.1930).

4. 45 Am.Jur.2d, Intoxicating Liquors, section 175; 2 A.L.R.2d 1239, section 4.

5. *Charles D. Kaier Co. v. Doran*, supra, note 3.

6. *City of Manitou Springs v. Walk*, 149 Colo. 43, 367 P.2d 744 (1962); *Nechi v. Daley*, 40 Ill.App.2d 326, 188 N.E.2d 243 (1963).

7. *Manos v. City of Green Bay*, 372 F.Supp. 40 (E.D.Wis.1974); *Bundo v. City of Walled Lake*, 395 Mich. 679, 238 N.W.2d 154 (1976).

8. *City of Manitou Springs v. Walk*, supra, note 6; *Dadiskos v. Liquor Control Comm.*, 150 Conn. 422, 190 A.2d 490 (1963); *Pomponio v. City Council*, Colo.App., 526 P.2d 681 (1974).

9. *The Rogue v. Utah Liquor Control Comm.*, 28 Utah 2d 212, 500 P.2d 509 (1972).

Because the record of the trial court, and particularly its findings upon which the judgment is based, fail to demonstrate any reasonable ground for the refusal to renew the license, it is our conclusion that the judgment should be and is hereby vacated. No costs awarded.

MAUGHAN, WILKINS and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting):

This appeal grows out of a denial by defendant Utah County Board of Commissioners (hereinafter "Commission") of an application for a class B beer license filed by appellant Eldon Anderson (hereinafter "Anderson") on or about July 1, 1976. The application was referred to the Utah County Sheriff for recommendation, and he recommended denial based upon a series of reports of trouble at the tavern Anderson had operated during 1975 under a previously issued class B beer license.

The Commission made Anderson aware of the Sheriff's recommendation and provided him two opportunities to appear before it and present argument and witnesses to show cause why the Commission should not act on the Sheriff's recommendation. Anderson and his attorney appeared before the Commission on August 16 and again on September 27, 1976. It does not appear from the transcript of the proceedings that witnesses were sworn, but the Sheriff and Sgt. Scott, who had prepared most of the trouble reports, were present and responded to questions.

On October 6, 1976, the Commission issued its formal "Findings and Decision" denying Anderson's application. Among its findings were that, while Anderson was operating under his previous license, there had been "numerous fights and/or public disturbances" and "minors were readily served beer" on Anderson's business premises.

Anderson filed a complaint in the Fourth District Court seeking injunction against the Commission's interference with the operation of his tavern on the grounds that the Commission's findings were unsupported by evidence, that the hearings were so conducted as to deny Anderson due process, and that the denial of license was arbitrary and irreparably injurious to him. Preliminary injunction was granted in accordance with stipulation of the parties. The Commission's records relating to Anderson's application, including transcripts of the hearings, were certified to the court. On January 30, 1978, after receiving memoranda and hearing oral argument, the court entered its Findings of Fact and Conclusions of Law and Judgment dissolving the preliminary injunction and dismissing the action by which permanent injunction was sought. From that judgment, Anderson appeals.

The first ground of appeal relates to the court's failure to make adequate findings of fact. The findings were, in their entirety, as follows:

1. Pursuant to Court order, the Utah County Commission transmitted to the Court for its review, a certified copy of its proceedings in the matter of the application of the Plaintiff, Eldon L. Anderson, for a Class "B" Beer License.

2. The Court received and reviewed the above-described proceedings of the Utah County Commission.

3. The Court further considered the pleadings on file, oral and written stipulations entered into by the parties, and memoranda and oral arguments of counsel.

I agree with Anderson that this recital of the procedures by which the court informed itself on the issues of law does not constitute findings of fact within the meaning of Rule 52(a), U.R.C.P. Where findings are required, the court must find on all material issues of fact raised by the pleadings.[1] This case was not decided on issues of fact, however, but purely on issues of law. It cannot be determined from the record on

---

1. *LeGrand Johnson Corp. v. Peterson*, 18 Utah 2d 260, 420 P.2d 615 (1966), and cases there cited.

appeal how the matter got to argument. Neither a Rule 12 nor a Rule 56 motion is in the record, nor does it appear that the case was noticed for trial. Neither party undertook to adduce evidence in the course of the proceedings before the court, and a stipulation of facts acceptable to counsel was read into the record on the day of oral argument. The case was obviously in summary judgment posture when argued, and the court's findings were superfluous when the judgment is viewed as a disposition of the cause under Rule 56.[2]

The conduct of an administrative agency in acting on applications for license to carry on any business activity may not be arbitrary and capricious even though it is appropriate that the activity (as is true of trade in intoxicating liquors) be highly regulated in the public interest.[3] If a beer license is available for the area in which an applicant wants to sell beer, the denial of his application in the absence of any indication that he fails to meet reasonable administrative criteria may indeed constitute arbitrary action. We must assume that the trial judge reviewed the record before him including the stipulations of counsel and concluded that the Utah County Ordinances establish reasonable criteria and that the Commission complied with its ordinances in denying Anderson's application. The record indeed supports those conclusions.

The relevant Utah County Ordinance is Section 4–2–6 which provides that, when an application such as Anderson's is received:

The application for such license, together with such information and certificate as is required by the County to be attached thereto, shall be referred to the Sheriff for inspection and report. The said Sheriff shall, within five days after receiving such application, make report to the Commission of the general reputation and character of the persons who habitually frequent such place; the nature and kind of business conducted at such place by the applicant, or by any other person, or by said applicant at any other place; whether said place is or has been conducted in a lawful, quiet and orderly manner; the nature and kind of entertainment, if any, at said place, whether gambling is or has been permitted upon the premises, or by said applicant at any other place; and he shall add thereto his recommendation as to granting or denying said application. Upon receipt of said report, the Commission shall act upon the application as it shall deem fair, just and proper in regard to granting or denying the same.

The record and stipulations show that the ordained procedure was followed. The Sheriff recommended against license issuance and attached to his recommendation a series of reports of disturbances at Anderson's tavern during the previous permit period. The Commission did not, however, accept the Sheriff's recommendation in callous disregard of Anderson's concerns. Anderson was given two opportunities to counter the Sheriff's report, and the transcripts of the two hearings do not reveal any Commission failure or even reluctance to hear argument, receive testimony, or cooperate with Anderson in his efforts to achieve albescence.

There are two complaints Anderson expresses which deserve treatment. First, he complains that the Commission received and based its decision on reports which constituted hearsay evidence. Assuming that the evidence was hearsay, the hearsay character of information gathered by a hearing body in the performance of its duty does not necessarily invalidate the information as a basis for administrative action.[4] In fact, a major part of the evidence was not hearsay. The officer who prepared the reports of disturbances at Anderson's tavern reported and was available for questioning about what he saw and heard. The significant

---

2. Rule 52(a), U.R.C.P., specifically provides that findings are unnecessary on decisions under Rule 12 or 56 motions.

3. *The Rogue v. Utah Liquor Control Comm.*, 28 Utah 2d 212, 500 P.2d 509 (1972).

4. *Adams Theatre Co. v. Keenan*, 12 N.J. 267, 96 A.2d 519 (1953); Davis, Administrative Law, Sec. 14.03.

fact, for purposes of licensing decision, is that the Sheriff's office frequently had to respond to disturbances at Anderson's tavern, not that Anderson was or was not responsible for the disturbances.[5]

Secondly, Anderson complains that the hearings were not conducted in accordance with courtroom ritual. Witnesses were not sworn and subjected to cross-examination. Anderson and his counsel were, however, present at the hearings and made no request that witnesses testify under oath or be subjected to cross-examination. If any procedure was irregular. Anderson's failure to object to the irregularity may be regarded as waiver.[6]

It is apparent from the record that the source of information on which the Commission based its findings was the Sheriff's office, and much of the evidence might not have been receivable over objection in a judicial proceeding. The proceeding before the Commission was not judicial but essentially administrative in character.[7] It violates no constitutional concept that, in making an administrative decision, the Commission may rely on the results of investigations by the county's chief investigative office. The findings are not the basis for any decree or sentence; they are merely the basis for the Commission's exercise of a broad discretion,[8] and they are sufficiently supported by the record to convince me that the Commission did not act arbitrarily or capriciously.

Anderson's final argument is one which has been frequently made in license cases. He calls attention to the investment he had made in enterprise which depends on periodic renewals of his license. We find no authority (outside Pennsylvania) for the proposition that one who applies for renewal of a license is in favored position over one who applies for initial license. The expectancy of maintaining a licensed status beyond current license term is not property within the meaning of Article I, Section 7 of our Constitution. A licensee is not justified in making investments dependent on renewals. The subject was extensively annotated in 1948 at 2 A.L.R.2d 1239, and research reveals no departure from the doctrine of the annotated cases. The Commission's action under scrutiny was not a license revocation or suspension, it was the denial of an application for a new license. In taking action on license applications, the Commission is not obliged to show cause; it is merely obliged to exercise its discretion in a reasonable manner, and it did so in this case.

I think the judgment should be affirmed with costs to the respondent.

---

5. *Kirby v. Alcoholic Beverages Control Appeals Bd.*, 7 Cal.3d 433, 102 Cal.Rptr. 857, 498 P.2d 1105 (1972); *Nordco, Inc. v. State*, 43 N.J.Super. 277, 128 A.2d 491.

6. *Babbit v. City of Loveland*, 488 P.2d 1130 (Colo.App.1971).

7. 51 Am.Jur.2d 60, Licenses, § 57.

8. 32–4–17, U.C.A.1953, as amended.