500 P.2d 509

**THE ROGUE, a nonprofit corporation, Plaintiff and Appellant,**

v.

**The UTAH LIQUOR CONTROL COMMISSION of the State of Utah et al., Defendants and Respondents.**

**No. 12721.**

Supreme Court of Utah.

Aug. 9, 1972.

Hunt & Walker, Raymond A. Hintze, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., William T. Evans, Frank V. Nelson, Asst. Attys. Gen., Salt Lake City, for defendants-respondents.

CROCKETT, Justice:

The Rogue, a private nonprofit club located at about 3400 South and 4300 West in Salt Lake County, asks this court to order the district court to issue a writ of

mandamus to compel the Utah Liquor Control Commission to grant the club a liquor license.

The case is presented to this court on the basis of this statement:

. . . the relevant facts in question are not in dispute and the matter should be resolved as a matter of law as to whether respondents [Liquor Commission] are required to issue petitioner [plaintiff club] a liquor locker permit and to establish a State liquor store in its premises because the local authorities, to-wit the Salt Lake County Commission, approved of the granting to petitioner such a license and the establishment of a store on its premises.

The argument made by the plaintiff is that inasmuch as in defendant's denial of plaintiff's application it made reference to matters pertaining to the nature of the neighborhood, and the effects to be anticipated from so locating a liquor store, the Commission transgressed its authority in considering questions relating to zoning and that therefore its denial of the application was capricious and arbitrary. This argument derives from the case of Salt Lake County v. Liquor Control Commission,[1] and the action of the State Legislature subsequent thereto. That case involved a dispute over the authority of

the Liquor Commission to locate a liquor store in violation of a county zoning ordinance. It was held that the state statute, Sec. 32-1-6, U.C.A.1953, having given the Commission plenary power to decide the number and location of liquor stores, took precedence over county zoning ordinances. Subsequent to that decision the Legislature saw fit to eliminate the conflict by amending that section, 32-1-6(b), by adding the provision: "that a state store or package agency shall not be located in violation of any valid zoning ordinance of any city, town or county . . . ."[2]

Plaintiff now urges that by thus amending the statute the Legislature manifested a clear intention that the matter of zoning should be left entirely to the local authorities, that the Liquor Commission should have no concern therewith; and that it exceeded its authority in giving concern to that matter in connection with its denial of the plaintiff's application. It seems to us that the plaintiff has attempted to invert the meaning of that statute. The fact that it prohibits the Liquor Commission from locating a liquor store in violation of a local zoning ordinance does not mean that the Commission cannot take into consideration the matter of zoning and the reasons therefor in determining where liquor stores should be located. Nor does it

---

1. 11 Utah 2d 235, 357 P.2d 488.

2. Chap. 83, Sec. 22, S.L.U., 1969.

mean, as plaintiff appears to contend, that whenever a proposed store is not in conflict with zoning ordinances the Liquor Commission must necessarily grant the application. By parallel reasoning, the law does not require that whenever the county commission has given its approval insofar as the county is concerned, it becomes mandatory upon the Liquor Commission to grant the application. It seems obvious that if this were the law, the Liquor Commission would be deprived of the authority conferred upon it by Sec. 32–1–6(b) to "Decide . . . the number and location of the stores and package agencies to be established in the state."[3]

█ In submitting the proposition stated in the second paragraph of this opinion as to the Liquor Commission's abuse of its authority, the plaintiff asserts that it is solely a question of law, and has filed a

certificate that it "will not rely upon a transcript of the record." Accordingly, no transcript of the proceedings before the district court was brought here. In order to justify the extraordinary remedy of mandamus, the burden was upon the plaintiff to show that the action of the Liquor Commission was beyond its authority, or was capricious and arbitrary.[4] In the absence of any transcript of the proceedings, we assume that they support the determination made by the court.[5]

Other points raised by the parties have been considered but are not such that they would be of controlling importance and therefore do not warrant extending this opinion by discussing them.[6]

Affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

3. See also Sec. 32–1–36 which provides: " . . . stores to be known as state liquor stores may be established by the commission at such places in the state as considered advisable for the sale of liquor . . . ."

4. As to reluctance of this court to issue extraordinary writ to control actions of district court, see Atwood v. Cox, 88 Utah 437, 55 P.2d 377.

5. See Watkins v. Simonds, 14 Utah 2d 406, 385 P.2d 154.

6. As to power of district court to issue mandamus in a proper case, irrespective of provisions of Liquor Control Act (Sec. 32–1–32.6 U.C.A.1953), see Sec. 7 of Article VIII of our Constitution: " . . . The District Courts . . . shall have power to issue writs of . . . mandamus, . . . and other writs necessary to carry into effect their orders, judgments and decrees, and to give them a general control over inferior courts and tribunals within their respective jurisdictions"; and Anderson v. Anderson, 18 Utah 2d 89, 416 P.2d 308, wherein we held that the Juvenile Court Act does not and could not curtail or limit the constitutional authority of the district court.