509 P.2d 819

**The PRIDE CLUB, a nonprofit Utah corporation, Plaintiff and Appellant,**

v.

**Gerald E. HULBERT et al., Defendants and Respondents.**

No. 13205.

Supreme Court of Utah.

April 26, 1973.

Wendell P. Ables, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., Robert B. Hansen, Frank V. Nelson, Asst. Attys. Gen., Salt Lake City, for defendants-respondents.

TUCKETT, Justice:

The plaintiff commenced these proceedings in the court below seeking a declara-

tory judgment and for injunctive relief. From an adverse decision the plaintiff has appealed.

The plaintiff was organized as a non-profit corporation and was licensed by the Utah Liquor Control Commission to operate a locker club in Salt Lake City, Utah. The Commission established a State liquor store on the premises in a portion of the building leased from the plaintiff.

During the year 1972 the plaintiff was charged with various violations of the State liquor laws and the regulations of the Commission. The alleged violations resulted in hearings by the Commission and it would appear that the Commission attempted to obtain compliance on the part of the plaintiff by admonitions and a temporary suspension of the plaintiff's right to operate. On November 21, 1972, the Commission made an order revoking the license of the plaintiff to operate as a nonprofit locker club and also ordered the removal and disestablishment of the State liquor store on the premises.

At the time the plaintiff was threatened with a temporary suspension of its license it commenced these proceedings in the district court and procured the issuance of a temporary injunction. As further steps were taken by the Commission, the plaintiff amended its complaint so as to meet the new actions proposed and orders issued by the Commission. During January 1973, a trial was had in the court below on the issue as to whether or not the temporary injunction should be made permanent. The main contention made by the plaintiff at the trial was to the effect that the Commission which was concerned with the alleged violations of the liquor law and the regulations of the Commission was prejudiced against the plaintiff. The plaintiff made other contentions claiming that certain provisions of the Utah Liquor Control Act were invalid. At the conclusion of the hearing the court rescinded its temporary injunction and dismissed the plaintiffs' complaint. The court did not make findings of fact but it would appear that the court concluded that the plaintiff had failed to establish grounds for the issuance of an injunction. Our survey of the evidence and the record as a whole leads us to the conclusion that the plaintiff failed to make such a showing as to compel the court below to restrain the Commission. There is nothing in the record to indicate that the Commission acted beyond its authority or that it acted in an arbitrary or capricious manner.

It should be noted that we review only the record of the court below and we have not attempted to go beyond that and to review the proceedings of the Commission. The Commission would have this court make a declaration as to the constitutionality of Section 32–1–32.6 U.C.A.1953, but inasmuch as this matter was before the court in the recent case of the Rogue v. Utah State

Liquor Control Commission[1] we do not feel impelled to depart from the ruling in that case.

The decision of the court below is affirmed. No costs awarded.

CALLISTER, C. J., and ELLETT, and CROCKETT, JJ., concur.

HENRIOD, J., not participating.

---

1. The Rogue v. Utah Liquor Control Com., 28 Utah 2d 212, 500 P.2d 509.