Terri Anne PEATROSS dba Heidi's Massage, Plaintiff and Appellant,

v.

BOARD OF COMMISSIONERS OF SALT LAKE COUNTY et al., Defendants and Respondents.

Nos. 14265, 14325.

Supreme Court of Utah.

Sept. 14, 1976.

4. 25 Am.Jur.2d, Easements, Sec. 34; 28 C.J.S. Easements § 35.

5. (as shown by the diagram to the north).

D. Kendall Perkins, Salt Lake City, for plaintiff and appellant.

R. Paul Van Dam, Salt Lake County Atty., Marcus G. Theodore, Asst. Salt Lake County Atty., Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff, Terri Anne Peatross, instituted this action in the district court to challenge the defendant County Commission's revocation of her license to operate "Heidi's Massage and Health Studio," located at 31st South and 300 West in Salt Lake County, for alleged violation of county ordinances regulating such businesses.

There were various proceedings, which included hearings before the defendant Commission, the detail of which is not material here, except to say that Plaintiff was represented by counsel, and that plaintiff herself and other witnesses were sworn and testified, upon the basis of which the Commission found that plaintiff had operated in violation of Section 15–18–6 of the Salt Lake County Ordinances;[1] and consequently made the order revoking her license.

An impasse developed in the District Court when the plaintiff petitioned for and insisted that she was entitled to a trial de novo in the district court. The court took a contrary view, but indicated to the plaintiff that her review should be in the nature of extraordinary writ as provided by Rule 65B, U.R.C.P.; and entered an order to that effect, giving her ten days in which to so proceed. Plaintiff refused and took this appeal seeking reversal of that order. Inasmuch as that is the only order the district court has entered in this case, it is the only appealable order; and therefore the challenge to its propriety is the only matter we are directly concerned with on this

appeal. We so state, notwithstanding plaintiff's contentions concerning her entitlement to have an adjudication upon the constitutionality of the pertinent ordinances, upon which we make some comments below.

We agree with the plaintiff's contention that the right to pursue one's calling is a valuable personal and property interest and that she is entitled to due process of law in protecting it.[2] What this includes is an opportunity to present her cause, that is, her evidence and her contentions, to a tribunal vested with authority to make a determination thereon. Further, we are in accord with the proposition that a party who deems himself to be wronged by unlawful or capricious and arbitrary action of a public official or department of government, does and should have a right of access to the courts to review and test the validity of his contention.[3]

We have heretofore held that even in the absence of any express statutory procedure, this right of review is implemented through Section 7 of Article VIII of our Utah Constitution which vests general and appellate jurisdiction in our District Courts:

> The District Court shall have original jurisdiction in all matters civil and criminal, not excepted in this Constitution, and not prohibited by law; appellate jurisdiction from all inferior courts and tribunals, and a supervisory control of the same . . ."

The method by which the district court can exercise "supervisory control" over

---

1. Sec. 15–18–6. *Unlawful Conduct.* Masseurs, masseuses, massage parlor licensees or their employees shall not perform the following acts or offer or agree to perform . . . . (1) Sexual acts prohibited by [law]. (2) The removal of clothing by a masseur or masseuse so as to display the female breast or breasts, or genital area of either sex, or the wearing of clothing that intentionally reveals the same. (3) Any touching of the genital area. (4) Allowing the customer to massage, touch or fondle the masseur or masseuse. (5) No massage shall be given in a locked room or enclosure.

Other sections: (2) requires the license, (10) provides for revocation or suspension for violations, and (11) prescribes penalties.

2. *Clayton v. Bennett,* 5 Utah 2d 152, 298 P. 2d 531.

3. *Kent Club v. Toronto,* 6 Utah 2d 67, 305 P.2d 870; *Kesler & Sons Const. Co. v. Utah State Division of Health,* 30 Utah 2d 90, 513 P.2d 1017; *Baker v. Dept. of Registration,* 78 Utah 424, 3 P.2d 1082.

such tribunals is set forth in Rule 65B, U. R.C.P. It provides for the issuance of an extraordinary writ "where no other plain, speedy and adequate remedy exists . . ," or as further provided in Subsection (2):

> Where an inferior tribunal, board or officer exercising judicial functions has exceeded its jurisdiction or abused its discretion; . . .

■ The standard rule is that appellate jurisdiction is the authority to review the actions or judgments of an inferior tribunal upon the record made in that tribunal, and to affirm, modify or reverse such action or judgment.[4] Correlated to this is the principle that ordinarily, where the lower tribunal, acting within the scope of its authority, has conducted a hearing and arrived at a decision, the reviewing court will examine only the certified record;[5] and will not interfere with matters of discretion or upset the actions of the lower tribunal except upon a showing that the tribunal acted in excess of its authority or in a manner so clearly outside reason that its action must be deemed capricious and arbitrary.[6]

■ In accordance with what we have said herein it is our opinion that the trial court was correct in his ruling that, where the defendant Board had conducted a hearing that comported with due process requirements, and where there is no express statutory grant of a trial de novo, the plaintiff was mistaken in her insistence that she was entitled to one as a matter of right. However, we deem it appropriate to observe that notwithstanding what we have said herein, the petition for and the issuance of an extraordinary writ under Rule 65B is in the nature of a proceeding in equity; and we do not desire to be understood as foreclosing the proposition that the district court in the exercise of its general powers as hereinabove pointed out, could take evidence if it thought that the interests of justice so required.[7] But as indicated by the trial court's ruling, that circumstance was not present here.

■ In view of the fact that this cause is remanded for further proceedings, it is appropriate that we comment on matters which may then become material to resolution of the issues in controversy.[8] As will be seen from the pertinent part of the Ordinance, Section 15–18–6 quoted in footnote "1" above, its purpose is to proscribe immoral or indecent conduct on the part of the operators and it appears to meet the required standard of doing so with sufficient definiteness and clarity that persons of ordinary intelligence, who would be law abiding, would understand what is prohibited and how to so conform their conduct.[9]

The ruling denying the plaintiff a trial de novo is affirmed; and the case is remanded for further proceedings. No costs awarded.

HENRIOD, C. J., and ELLETT, J., concur.

MAUGHAN, J., concurs in the result.

TUCKETT, J., does not participate herein.

4. See *State v. Johnson*, 100 Utah 316, 114 P.2d 1034.

5. See *Denver & R.G.W.R. Co. v. Central Weber Sewer Improvement Dist.*, 4 Utah 2d 105, 287 P.2d 884. Attention is also directed to Subsection (e) of Rule 65B which itself provides that the proceeding shall not be extended further than to determine whether the tribunal has regularly pursued its authority. We say this, aware of *Higgs v. Burton*, 58 Utah 99, 197 P. 728, which is limited to its particular fact situation.

6. See *Atwood v. Cox*, 88 Utah 437, 55 P.2d 377; *The Rogue v. Utah Liquor Control Commission*, 28 Utah 2d 212, 500 P.2d 509; *Anderson v. Baker*, 5 Utah 2d 33, 296 P.2d 283.

7. See *Denver & R.G.W.R. Co. v. Central Weber Imp. Dist.*, footnote No. 5 above.

8. See Rule 76(a) U.R.C.P.; and *LeGrand Johnson Corp. v. Peterson*, 18 Utah 2d 260, 420 P.2d 615.

9. See *State v. Phillips*, 540 P.2d 936 (Utah); *United States v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989.