Tiffany PYLE dba Box Office Entertainment, Plaintiff and Respondent,

v.

Ralph McCLURE et al., Defendants and Appellants.

No. 14780.

Supreme Court of Utah.

April 28, 1977.

R. Paul VanDam, Salt Lake County Atty., Marcus G. Theodore, Donald Sawaya, Deputy County Attys., Salt Lake City, for defendants and appellants.

Lauren N. Beasley, of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Before us is an order of the District Court restoring plaintiff's business license, and reversing an order of the Board of County Commissioners, suspending the license. We affirm the order.

The Board of County Commissioners and the license assessor, hereafter the Board, pursuant to 11–8–1, Revised Ordinances of Salt Lake County, 1966, as amended, ordered plaintiff to appear at a date and time certain to show cause why her business license should not be suspended, or revoked. It was alleged plaintiff had encouraged two underage girls to secure false identification for the purpose of securing a general license to perform as Go Go dancers. These charges were proved to the satisfaction of the Board. It ordered plaintiff's license suspended for a period of several months.

Thereupon, plaintiff petitioned the District Court for an extraordinary writ temporarily restraining the Board from implementing its decision. This temporary restraining order was later made permanent on the grounds the Board had acted outside its authority, in suspending the license; and its actions were arbitrary and capricious.

The Board makes three assignments of error: (1) the Supreme Court has exclusive jurisdiction in cases involving high prerogatives of rights, and franchises of the state; (2) it was error to rule the suspension of plaintiff's license to be arbitrary and capricious; (3) it was error to rule the general ordinance containing grounds for revoking all business licenses did not apply to plaintiff's license. We deal with these assignments seriatim.

The first assignment is without merit.[1] The second assignment is also without merit.

Plaintiff was charged with violations of 76–8–508, U.C.A.1953, as enacted 1973,[2] and XII–10A–1 Rev.Ord. Salt Lake County, 1966, as amended. The general ordinance, 11–8–1 is as follows:

> *Revocation.* In addition to any fine imposed, every license or permit issued by the county commission may be revoked or suspended as prescribed herein, *unless another section of the Revised Ordinances of Salt Lake County requires a different revocation procedure.* Upon recommendation of the license director and upon notice and hearing the county commission may revoke or suspend a license if the licensee:
>
> "(a) Has been convicted of a felony or any crime involving moral turpitude;
>
> "(b) Has obtained a license by fraud or deceit;
>
> "(c) Has failed to pay personal property taxes or other required fees;
>
> "(d) Has violated the laws of the State of Utah or the ordinances of Salt Lake County governing operation of the businesses holding the license or permit; or
>
> "(e) Has refused to permit officers or employees authorized to make the inspection, or to take a sample of a commodity; or has interfered with such officer or employee, while in performance of his duty, in making such inspection."

This ordinance is not applicable; because, by its terms, it directs us to another which specifically requires a different revocation procedure. The controlling ordinance is XII–10A–1 et seq.[3] It deals specifically

---

1. *Peatross v. Board of Commissioners of Salt Lake County,* Utah, 555 P.2d 281 (1976).

2. This statute is clearly not applicable here. See also 76–8–501(1).

3. XII–10A–1. License required. (a) It shall be unlawful for any person to perform as a dancer for compensation, and for any person or agency to furnish, book or otherwise engage the services of a dancer for compensation, for or to any tavern, bar, cabaret, private club or association whether such performer is to be compen-

sated by wages, salary, fees or other compensation, without having first obtained a license therefor.

(b) It shall be unlawful for any person or agency to knowingly furnish, book or to otherwise engage the services of any dancer for compensation in or for any tavern, bar, cabaret, private club or association who at the time of such booking or employment has not obtained a license in accordance with subsection (a) hereof. Violations. Any performer or agency violating the provisions of this ordinance shall be guilty of a misdemeanor, and upon conviction

with plaintiff's license as a booking agent, and allows one to be deprived of license after conviction of a violation of Chapter 10A. This was the ordinance presented to the trial court.

Plaintiff had not been convicted of a violation of Chapter 10A nor was there any proof her conduct placed her within the proscriptions of 11–8–1.

 The third assignment has merit, but avails the Board nothing, because of the reasons stated above. Were plaintiff to fall within the proscription of 11–8–1, was so charged and proved, her license could be subject to revocation or suspension. 11–8–1 provides grounds additional to XII–10A–1 et seq.

 In addition, the statute, 76–8–508, plaintiff was accused of violating, does not concern the operation of her business; thus it cannot be used as a basis to revoke under 11–8–1(d).

 It should be noted there appears to have been an amended XII–10A–1 et seq. which replaced the one pleaded below. Conceivably, it could have changed the result; but it is not part of the record, it was not submitted to the trial court and we do not consider it here.

ELLETT, C. J., and WILKINS, CROCKETT and HALL, JJ., concur.

shall suffer a revocation of his, her or its license, unless the County Commission shall deem fit to suspend said license for a period of time rather than to revoke said license.