Jeff STONE and Lakewood Enterprises, Inc., dba Neo Denture Clinic, Plaintiffs and Appellants,

v.

DEPARTMENT OF REGISTRATION, State of Utah, Defendant and Respondent.

No. 14867.

Supreme Court of Utah.

Aug. 4, 1977.

---

Cynthia J. Feldman of Feldman & Gillman, Salt Lake City, Robert C. Huntley, Jr., of Racine, Huntley & Olson, Pocatello, Idaho, for plaintiffs and appellants.

Robert B. Hansen, Atty. Gen., James L. Barker, Jr., Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Jeff Stone, owner and operator of the Neo Denture Clinic, sought a declaratory judgment that: that in the furnishing of dentures he is not engaged in the practice of dentistry; or in the alternative, that Section 58–7–6, U.C.A.1953, which defines the practice of dentistry, is unconstitutional. The defendant Department of Registration, answered by denial and as a counter-claim alleged that the plaintiff was practicing dentistry without a license; and asked for an order enjoining him from doing so.

 Upon the basis of the pleadings, affidavits and answers to interrogatories, i. e., the "submissions," these facts appear to be without dispute: plaintiff renders and charges for a service in which he takes impressions of patients' mouths and fashions and fits dentures; and he is neither licensed to practice dentistry, nor operating as an agent or under the direction or authority of a licensed dentist.[1] Wherefore, the trial court concluded that the plaintiff was engaged in the practice of dentistry from which he should be enjoined; and rejected his contention that the statute was unconstitutional.

The applicable statute is Section 58–7–6, U.C.A.1953, which states:

Any person shall be held to be practicing dentistry, within the meaning of this title . . . (2) who shall offer or undertake by any means or method . . to *supply artificial teeth as substitutes for natural teeth,* or *to take impressions of the teeth or jaws* . . . or (3) who shall in any way indicate that he will . . . undertake by any means or method . . . to supply artificial teeth as substitutes for natural teeth, or to take impressions of the teeth or jaws . . . . [Emphasis added.]

It is so obvious as to hardly justify comment that the trial court correctly ruled that plaintiff's activities fall within the just quoted statute.

 In support of his argument that the statute is unconstitutional the plaintiff makes several pertinent observations with which we have no disagreement: that the right to earn one's livelihood by rendering a useful service is a property right, which should not be impaired unless there is a compelling public interest which supersedes

---

1. The cited statute allows an unlicensed person to perform mechanical work in a dental office or laboratory when doing so under the authorization and responsibility of a licensed dentist or physician.

it and justifies interfering therewith;[2] and that even though a statute may be adjudged to be constitutional at one time, it is possible that times and conditions may change so that it might be adjudged to be unconstitutional[3] or vice versa. Nor do we have any reason to doubt the plaintiffs' assertion that the practice of denturism has become greatly improved in recent years so that if allowed to operate freely there would be great benefit to the public because of the speed, efficiency and economy of such services as compared with those rendered by regularly licensed dentists.

Plaintiff particularly emphasizes that summary judgment should not have been granted without giving him an opportunity to offer proof on those propositions; and urges that because of the foregoing this court should now re-examine the basic problem herein presented and overrule the case of *Lees v. Oster*[4] decided nineteen years ago.

 For the purpose of this decision, we assume that the proof proffered by the plaintiff would have established the soundness of the above stated propositions urged by him, as the trial court appears to have done.[5] Nevertheless, howsoever practical

or beneficial his service of "denturism" may be, that would not affect the judgment herein. As was indicated in the *Lees* case, the care of the teeth and the mouth is so involved in a person's health that it is a subject for regulation by law in the interest of the public health and welfare. It is therefore the prerogative of the legislature to define what constitutes the practice of dentistry and to prescribe regulations thereon, so long as that is done within the bounds of reason and does not violate superseding constitutional rights of other citizens. Further, whatever may or may not be the conviction of mind, or the personal desires of this court, or the justices thereof, to determine such policy, our commitment is to the principle of judicial restraint, necessary and desirable under our system, which honors the doctrine of separation of powers of the three branches of our government.[6] Therefore, it is not within the province of the courts to intrude upon the legislative prerogative and declare a statute unconstitutional unless it is determined to be so beyond a reasonable doubt.[7]

 In harmony with what has been said about the respective duties and powers of the legislature and of this court; and also

---

**2.** *McGrew v. Industrial Comm'n*, 96 Utah 203, 85 P.2d 608; *Clayton v. Bennett*, 5 Utah 2d 152, 298 P.2d 531; *Peatross v. Board of Com'rs of Salt Lake City*, Utah, 555 P.2d 281.

**3.** It is sometimes aptly stated that its ability to change to meet changing conditions has been the strength and vitality of the common law. Numerous cases and authorities indicate gradual change in the application of constitutional provisions. Some examples are, *Plessey v. Ferguson*, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256 (1896), upholding "separate but equal" facilities based on race, overruled by *Brown v. Bd. of Education*, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); *Betts v. Brady*, 316 U.S. 455, 62 S.Ct. 1252 86 L.Ed. 1595 (1942), holding there was no constitutional requirement to provide counsel in criminal cases, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) to the contrary; *Hammer v. Dagenhart*, 247 U.S. 251, 38 S.Ct. 529, 62 L.Ed. 1101 (1918), struck down a law designed to standardize children's working conditions by prohibiting child-made goods in interstate commerce, whereas *U.S. v. Darby*, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941), upheld wage and hour restrictions on goods produced for interstate commerce.

**4.** 8 Utah 2d 141, 329 P.2d 648 (1958).

**5.** From the documentation in this case the writer has no hesitancy in accepting the proposition that persons such as this plaintiff who have special training and experience and proper equipment in this "denturism" service, render every bit as good, and perhaps better service than the average dentist. Nevertheless, "denturism" is but a generic term for working on the teeth. To strike down the statute in question would open the door to anyone, be he blacksmith, ditch-digger or artisan, to work in people's mouths. This is a subject wherein there should be some regulation and control; and that is a legislative, not a judicial, problem, see *Lees v. Oster*, footnote 4 above.

**6.** See Art. V, Sec. 1, Utah Const.; *Salt Lake City v. Utah Light & Tr. Co.*, 52 Utah 210, 173 P. 556.

**7.** *Newcomb v. Ogden City Pub. School, etc.*, 121 Utah 503, 243 P.2d 941.

in awareness of the value of the doctrine of stare decisis,[8] we are not convinced that we should either overrule the *Lees* case or declare the statute in question unconstitutional.

Affirmed. No costs awarded.

MAUGHAN, and WILKINS, JJ., concur.

ELLETT, Chief Justice (concurring with an exception).

I concur in the opinion as written except as to the statement in the fourth paragraph thereof, wherein it is stated that "we have no disagreement . . . that even though a statute may be adjudged to be constitutional at one time, it is possible that times and conditions may change so that it might be adjudged to be unconstitutional . . . ."

This language is the language of the justices of the Supreme Court of the United States which they use as a shield to interfere officiously with the imposition of the death penalty. It is a specious argument used by judges who wish to usurp the powers of the legislative branch of government, and one to which I can never agree.

HALL, Justice (concurring).

I am unable to adopt the assertion that times and conditions may alter the constitutionality of a statute. However, that tenet not being the foundation of the main opinion permits me to otherwise concur.

---

**8.** *Rubalcava v. Gisseman,* 14 Utah 2d 344, 384 P.2d 389 (1963); *Bingham v. Board of Educa-* *tion of Ogden City,* 118 Utah 582, 223 P.2d 432, at 436.