**CELEBRITY CLUB INCORPORATED, dba The Gatsby, Plaintiff,**

v.

**UTAH LIQUOR CONTROL COMMISSION, Defendant.**

No. 17879.

Supreme Court of Utah.

Dec. 14, 1982.

James A. McIntyre, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., John S. McAllister, Asst. Atty. Gen., Salt Lake City, for defendant.

HALL, Chief Justice:

This matter is before us on certiorari to review the actions of the defendant Utah Liquor Control Commission which revoked plaintiff's state liquor store lease.

Plaintiff, the owner of a private club in Salt Lake City, operated a state liquor store within the club under a lease granted by defendant.[1] On July 10, 1981, defendant held a public meeting at which it decided to revoke plaintiff's lease. According to plaintiff, defendant made this decision without affording plaintiff any notice of the meeting and without conducting any evidentiary hearing. Claiming that it had been denied due process of law by defendant's summary action, plaintiff also initiated a proceeding in the district court seeking a temporary restraining order and an order to show cause why the court should not issue a preliminary injunction preventing defendant from enforcing its lease revocation. The court granted plaintiff's motion but, after a hearing on the issue of the proposed preliminary injunction, determined that it did not have jurisdiction to grant such an injunction. Plaintiff has prosecuted a separate appeal from that ruling.[2]

U.C.A., 1953, § 32–1–32.6 reads in part:

No court of this state (except the Supreme Court to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission, or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties; provided, that the writ of mandamus shall lie from the Supreme Court to the commission in all proper cases. *No appeal may be taken, writ issued, or any review proceeding undertaken by the Supreme Court or any other court, of any action taken by the commission to suspend or remove a state store from the premises of any restaurant, social club or association licensed under the provisions of chapter 6, Title 16.*[3] [Emphasis added.]

---

1. See U.C.A., 1953, § 16–6–13.1(6).

2. 657 P.2d 1292, also decided today by this Court.

3. The complete text of § 32–1–32.6 reads:
   Within thirty days of the date of the commission's order in any proceeding in which a hearing shall have been held, any party to the proceeding deeming himself aggrieved by such order may petition the Supreme Court for the purpose of having the lawfulness of the order inquired into and determined. Such petition shall be made returnable not later than thirty days after the date of the issuance thereof, and shall direct the commission to certify its record in the case to the court, at the expense of the party seeking review. Immediately after the service of the petition the commission shall cause notice of the pendency of the same to be served upon each party to the action or proceeding in

Plaintiff claims that the above statute violates Article VIII, Section 7 of the Constitution of Utah, which endows the district courts of this state with "original jurisdiction in all matters civil and criminal, not excepted in this Constitution, and not prohibited by law."[4] Defendant maintains that the statute is constitutional and that the Commission's actions were proper.

In briefing the constitutionality of § 32–1–32.6, both parties focus on the first sentence of the quoted language, which gives this Court exclusive power to review decisions and orders of defendant. However, our determination of the constitutionality of the statute must also focus upon its final sentence, which neither party mentions in its brief, although it constituted a principal topic of argument at the hearing giving rise to this appeal. That final sentence, which precludes review by *any* court of the suspension or revocation of a state liquor store lease, applies directly to the facts of the instant case. Our review of the Commission's ruling necessitates a determination concerning the constitutional validity of that final sentence.

In arguing in support of the constitutionality of § 32–1–32.6, defendant repeatedly asserts that although the statute deprives the district courts of jurisdiction to review decisions of defendant, it preserves the due process rights of those affected by such decisions by providing for Supreme Court review of those decisions. In so arguing, defendant ignores the fact that in cases such as the present one involving revocation of a liquor store lease, the statute expressly precludes such review by this Court or any other. According to the separate statutes which authorize defendant to regulate liquor store leases, defendant may withdraw such a lease at any time "with or without cause"[5] and without affording any type of

---

which the order or decision was rendered. On the return day the cause shall be heard by the Supreme Court, unless for good cause shown the same is continued by the court. No new or additional evidence may be introduced in the Supreme Court, but the cause shall be heard on the record of the commission as certified by it. The review shall not be extended further than to determine whether the commission has regularly pursued its authority, including a determination of whether the order under review violates any right of the petitioner under the Constitution of the United States or the state of Utah. The findings and conclusions of the commission on questions of fact shall be final and shall not be subject to review. Such questions of fact shall include ultimate facts and findings and conclusions of the commission on reasonableness and discretion. The commission, and each party to the action or proceeding before the commission, shall have the right to appear in the review proceedings. Upon the hearing the Supreme Court shall enter judgment either affirming or setting aside the order or decision of the commission. The provisions of the Utah Rules of Civil Procedure relating to petition of review shall, so far as applicable and not in conflict with the provisions of this chapter, apply to proceedings instituted in the Supreme Court under the provisions of this section. No court of this state (except the Supreme Court to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission, or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties; provided, that the writ of mandamus shall lie from the Supreme Court to the commission in all proper cases. No appeal may be taken, writ issued, or any review proceeding undertaken by the Supreme Court or any other court, of any action taken by the commission to suspend or remove a state store from the premises of any restaurant, social club or association licensed under the provisions of chapter 6, Title 16.

4. The complete text of Article VIII, Section 7 reads:

The District Court shall have original jurisdiction in all matters civil and criminal, not excepted in this Constitution, and not prohibited by law; appellate jurisdiction from all inferior courts and tribunals, and a supervisory control of the same. The District Courts or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition and other writs necessary to carry into effect their order, judgments and decrees, and to give them a general control over inferior courts and tribunals within their respective jurisdictions.

5. U.C.A., 1953, § 16–6–13.1(8)(e).

notice or hearing to the holder of the lease.[6] Thus, under § 32–1–32.6, a lease holder such as plaintiff may lose its lease without the benefit of even minimal due process and without receiving judicial review of even an arbitrary and capricious decision by defendant in this area.

■ The Constitution of Utah, Article I, Section 7 provides:

> No person shall be deprived of life, liberty or property, without due process of law.

This Court has explained the due process guarantee as follows:

> [N]either a court nor other judicial tribunal may deny a person a constitutional right or deprive such person of a vested interest in property without any opportunity to be heard. To do so constitutes taking of property without due process of law.[7]

> Many attempts have been made to further define "due process" but they all resolve into the thought that a party shall have his day in court—that is each party shall have the right to a hearing before a competent court, with the privilege of being heard and introducing evidence to establish his cause or his defense, after which comes judgment upon the record thus made.[8]

Thus, the essential requirement of due process is that every citizen be afforded his "day in court." "It has always been the policy of our law to resolve doubts in favor of permitting parties to have their day in court on the merits of a controversy."[9] The Constitution of Utah, in addition to the general due process requirement contained in Article I, Section 7, provides a specific guarantee of access to the courts in Article I, Section 11:

> All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party.

■ By allowing plaintiff to be deprived of its liquor store without notice, hearing or any judicial review, § 32–1–32.6 offends against both the Article I, Section 7 guarantee of due process and the Article I, Section 11 guarantee of access to the courts.

In arguing before the district court in the companion case before the Court, defendant contended that plaintiff's interest in its liquor store lease did not constitute "property" within the meaning of the above constitutional provisions. Defendant argued that plaintiff's authorization to operate a liquor store constituted a "privilege" revocable at the pleasure or whim of defendant rather than a "right" protected by due process guarantees.

Although it is true that the United States Supreme Court once recognized a distinction between "rights" and "privileges" in determining whether to afford due process protection to asserted property rights, that Court has now "fully and finally rejected the wooden distinction between 'rights' and 'privileges.'"[10] In recent cases, the Court has expressed its preference for a more

---

**6.** U.C.A., 1953, § 32–1–32.2(f).

**7.** *Halling v. Industrial Commission of Utah,* 71 Utah 112, 125, 263 P. 78, 82 (1927).

**8.** *Christiansen v. Harris,* 109 Utah 1, 6, 7, 163 P.2d 314, 316 (1945). See *Riggins v. District Court of Salt Lake County,* 89 Utah 183, 217, 51 P.2d 645, 660 (1935); *Jensen v. Union Pacific Railway Co.,* 6 Utah 253, 256, 21 P. 994, 995 (1889).

**9.** *Carman v. Slavens,* Utah, 546 P.2d 601, 603 (1976). See *Utah State University of Agriculture & Applied Sciences v. Sutro,* Utah, 646 P.2d 715, 720 (1982); *Ruffinengo v. Miller,* Utah, 579 P.2d 342, 344 (1978).

**10.** *Board of Regents v. Roth,* 408 U.S. 564, 571, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972); *Graham v. Richardson,* 403 U.S. 365, 374, 91 S.Ct. 1848, 1853, 29 L.Ed.2d 534 (1971); *Bell v. Burson,* 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971); *Shapiro v. Thompson,*

flexible definition of "property" in this context:

> "[P]roperty" interests subject to procedural due process protection are not limited by a few rigid, technical forms. Rather, "property" denotes a broad range of interests that are secured by "existing rules or understandings." [11]

> It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims. [12]

In *City of Kenosha v. Bruno,* that Court recognized the possibility that the appellees' interest in renewal of their state liquor licenses might constitute a "property" interest as described above, instructing the trial court on remand to evaluate " 'property' or 'liberty' interests which might require a due process hearing" and to determine "the nature of such a hearing if it were required in the light of our opinions in *Roth* [supra, note 12] and *Perry* [supra, note 11]." [13]

In *Anderson v. Utah County Board of County Commissioners,* this Court rejected the assertion made in that case that the plaintiff held no "property" interest in the expected renewal of his county-granted beer license. In keeping with the United States Supreme Court's position that the term "property" "denotes a broad range of interests," this Court found that the plaintiff held a "substantial property interest" in the licensing of his business, which entitled him to receive the benefit of constitutional due process protections. The Court explained:

> The spirit of enterprise which impels a person to initiate and develop a business which provides services to the public and employment for others is vital to the common welfare. By the same token that a business must operate in accordance with lawful regulations and requirements, it should be the policy of the law, and of officials charged with its administration, to encourage such initiative and enterprise by according it all proper protections of the law.

> \*     \*     \*     \*     \*     \*

> We do not desire to be understood as saying that an operating business necessarily has any such vested or inviolable right in the renewal of its license that the licensing authority is without discretion in determining whether it should be renewed. On the other hand, *inasmuch as the licensing of his business does represent a substantial property interest to plaintiff, which also has its effect upon the public welfare, it should not be destroyed nor disrupted arbitrarily, nor without following fundamental standards of due process of law to guard against capricious or oppressive administrative action.* [14] [Emphasis added.]

In the present case, plaintiff alleges that the future success of its private club depends greatly on the continuation of its liquor store lease and that revocation of the lease will result in severe financial loss to plaintiff. Moreover, plaintiff cannot successfully establish any other private club in

---

394 U.S. 618, 627, note 6, 89 S.Ct. 1322, 1327, note 6, 22 L.Ed.2d 600 (1969); *Sherbert v. Verner,* 374 U.S. 398, 404, 83 S.Ct. 1790, 1794, 10 L.Ed.2d 965 (1963).

**11.** *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972).

**12.** *Board of Regents v. Roth, supra,* note 10, 408 U.S. at 577, 92 S.Ct. at 2709. See *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *Goldberg v. Kelly,* 397 U.S. 254, 263, 90 S.Ct. 1011, 1018, 25 L.Ed.2d 287 (1970); *Cafeteria & Restaurant Workers Local 473 v. McElroy,* 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961).

**13.** 412 U.S. 507, 515, 93 S.Ct. 2222, 2227, 37 L.Ed.2d 109 (1973). See also *Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1970).

**14.** Utah, 589 P.2d 1214, 1216 (1979).

place of the present one unless defendant chooses to grant it another lease. Plaintiff's position resembles that of the plaintiff in a Wisconsin case involving the nonrenewal of a state liquor license, in which the court described the importance of the plaintiff's "property" interest in license renewal:

The plaintiff in this case has a substantial property interest in retention of his liquor license, since if the revocation is allowed, he will not only lose his sole source of income but will also lose a substantial sum of money which he has invested in physical improvements to his business establishment. In this context, loss of the liquor license forecloses the tavern owner's freedom from taking advantage of other similar employment opportunities. This, in effect, is a bar to the plaintiff from all other employment in the tavern business.... [Plaintiff] cannot go anywhere in the state to exercise his profession without once again having to submit to the specified procedures for the acquisition of a liquor license....

\* \* \* \* \* \*

... I am not persuaded that the local regulation of distribution of liquor by the drink is either an area for summary administrative action or an area so inherently discretionary that some form of hearing would interfere with this discretion. I further believe that society and the local citizenry have a basic interest in the regularity and fairness of local administrative proceedings. Society has an interest in insuring that liquor licenses are not revoked for reasons not made

known to the parties involved, or on the basis of erroneous information. Confidence in local government is so important in a democracy that I do not think it unduly harsh to require local licensing bodies in these matters to respect the minimal dictates of procedural due process.[15]

The above reasoning accords with that of this Court in *Anderson v. Utah County Board of County Commissioners, supra,* and supports the conclusion that plaintiff holds a property interest in its liquor store lease to which constitutional due process protections apply.[16]

Defendant further contends that because its authority derives from that of the state, under the Twenty-first Amendment, to regulate distribution of alcoholic beverages, defendant has unlimited discretion to regulate all matters relating to the use or distribution of liquor in this state. This Court addressed a similar claim in *Anderson v. Utah County Board of County Commissioners, supra,* declaring:

The same considerations of fundamental fairness and justice which prevent an administrative body from acting in a capricious or arbitrary manner in other areas of the law also apply in a beer license, even though it is a business which is subjected to a high degree of supervision and regulation in the interest of the public welfare.[17]

The United States Supreme Court has similarly held that "the Twenty-first Amendment [does] not abrogate a require-

**15.** *Manos v. City of Green Bay,* 372 F.Supp. 40, 48, 49 (E.D.Wis.1974).

**16.** See *Hornsby v. Allen,* 326 F.2d 605 (5th Cir.1964); *Bundo v. City of Walled Lake,* 395 Mich. 679, 238 N.W.2d 154 (1976).

**17.** *Supra,* note 14 at 1216. Other Utah cases, in upholding broad state powers under the Twenty-first Amendment, have relied on the assumption that judicial recourse is available in cases where the state abuses such powers. In

*Kent Club v. Toronto,* 6 Utah 2d 67, 74, 305 P.2d 870, 875 (1957), this Court stated:

Should the Secretary of State act in a capricious or arbitrary manner, anyone aggrieved thereby would not be entirely subject to his whim or caprice, but recourse could be had to the courts through the use of an extraordinary writ.

See also *Salt Lake County v. Liquor Control Commission,* 11 Utah 2d 235, 238, 357 P.2d 488, 490 (1960).

ment of procedural due process,"[18] observing:

> These decisions [concerning the extent of state police power under the Twenty-first Amendment] did not go so far as to hold or say that the Twenty-first Amendment supersedes all other provisions of the United States Constitution in the area of liquor regulations.[19]

Although this Court has never directly ruled upon the constitutionality of § 32–1–32.6, the Court has tacitly recognized district court jurisdiction to review liquor store lease revocations by reviewing on their merits several district court decisions made pursuant to such jurisdiction.[20] In one such case, the Court referred in a footnote to the "power of a district court to issue mandamus in a proper case, irrespective of provisions of [the] Liquor Control Act (Sec. 32–1–32.6 U.C.A.1953)."[21] However, faced directly with the issue of the constitutionality of said § 32–1–32.6 in this case, further analysis is necessary.

■ It is perfectly obvious that the last sentence of § 32–1–32.6 cannot constitu-

tionally preclude *all* judicial review of the defendant Commission's actions in terminating plaintiff's state liquor store lease. However, it is axiomatic that statutes, where possible, are to be construed so as to sustain their constitutionality. Accordingly, if a portion of the statute might be saved by severing the part that is unconstitutional, such should be done.

The first part of § 32–1–32.6 makes provision for the review of its proceedings in general, but limits that review to this Court and no other. It is only the final sentence of § 32–1–32.6 which precludes *any* judicial review of Commission actions having to do with the suspension or removal of state liquor stores from licensed premises. This sentence forbids review "by the Supreme Court," as well as all other courts.

■ In keeping with the favored rule of statutory construction hereinabove referred to, we effect the minimum necessary disruption of the statutory scheme by holding only the final sentence of § 32–1–32.6 unconstitutional. In so doing, the statutory

---

**18.** *City of Kenosha v. Bruno, supra,* note 13, 412 U.S. at 515, 93 S.Ct. at 2227; *Wisconsin v. Constantineau, supra,* note 3, 400 U.S. at 436, 91 S.Ct. at 510.

**19.** *California v. LaRue,* 409 U.S. 109, 115, 93 S.Ct. 390, 395, 34 L.Ed.2d 342 (1972). A United States district court elaborated the above rule in *Hornsby v. Allen, supra,* note 15 at 609:

> [T]he dangers [associated with the use of alcohol] do not justify depriving those who deal in liquor, or seek to deal in it, of the customary constitutional safeguards. *Indeed, the great social interest in the liquor industry makes an exceptionally strong case for adherence to proper procedures and access to judicial review in licensing the retail sale of liquor.* The possibility of high profits on the one hand and the danger of strict governmental limitations on the other hand create a fertile breeding ground for the temptations of graft, corruption, and other abuses of governmental office. If one applicant for a license is preferred over another equally qualified . . ., the disappointed applicant is injured, but the injury to the public is much greater. The public has the right to expect its officers to observe prescribed standards and to make adjudications on the basis of merit. The first step toward insuring that

these expectations are realized is to require adherence to the standards of due process; absolute and uncontrolled discretion invites abuse.

See also *Manos v. City of Green Bay, supra,* note 15; *Bundo v. City of Walled Lake, supra,* note 16.

**20.** *Anderson v. Board of County Commissioners, supra,* note 14; *Rogue v. Utah Liquor Control Commission,* 28 Utah 2d 212, 500 P.2d 509 (1972); *Pride Club v. Hulbert,* 29 Utah 2d 351, 509 P.2d 819 (1973); *Riggins v. District Court of Salt Lake County, supra,* note 8. In the latter case, the Court avoided a determination concerning the constitutionality of section 43–3–29, Laws of Utah 1935, a predecessor to 32–1–32.6, by finding it inapplicable to the facts of that case, declaring:

> The fact that the Legislature may have attempted to confer on the commission authority inhibited by the Constitution does not justify the courts in denying to the commission the right to exercise such authority as is granted to it within constitutional limitations.

**21.** *Rogue v. Utah Liquor Control Commission, supra,* note 17, 500 P.2d at 511.

ban on district court review of Commission action remains intact, as does the statutory pattern of direct review in this Court, which is now expanded to include review of actions pertaining to the suspension or removal of state liquor stores from leased premises, as the Constitution requires.

Accordingly, the Commission's order of revocation is vacated and set aside as having been entered in violation of the due process protections of the Constitution of the State of Utah. No costs awarded.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.