STATE of Alaska, ALCOHOLIC
BEVERAGE CONTROL
BOARD, Appellant,

v.

Robert L. DECKER, d/b/a Giant
Liquor Store, Appellee.

No. S-258.

Supreme Court of Alaska.

May 24, 1985.

David T. LeBlond, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

David H. Call, Call, Barrett & Burbank, Fairbanks, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

Robert Decker applied for a package liquor store license on February 27, 1981

pursuant to AS 04.11.260. He intended to include the liquor store in his "mini-mall" in the South Geist neighborhood of Fairbanks. The Alaska Alcoholic Beverage Control Board (the board) initially denied Decker's license application because his proposed store was within 200 feet of school property.[1] Decker then requested a formal hearing on his application.

William Schendel presided as hearing officer at Decker's hearing on July 15 and 16, 1982. At the hearing, the board dropped its contention that Decker's proposed store was within 200 feet of a school and the sole issue was whether it should deny Decker's application as not in the public interest.[2]

At the hearing, the eight witnesses opposing Decker's proposed store expressed concern that its location near West Valley High School (West Valley) and Hutchison Career Center (Hutchison) would cause an increase in teenage alcohol use at those schools.[3] Decker's seventeen witnesses testified that the proposed liquor store would benefit the neighborhood and would not cause an increase in student alcohol use. Decker also produced an opinion poll of neighborhood residents indicating strong public support for his proposed package liquor store.

After the July 1982 hearing, Schendel recommended that the board grant Decker's application for a package store license. He recognized that there was undoubtedly an alcohol problem at West Valley and Hutchison. However, the school officials did not prove that neighborhood stores were the source of the alcohol, rather than students' homes. Schendel concluded:

> This case is one which will be determined by the burden of proof.... [The state] had the burden of proving why Decker's license application should *not* be granted. [The state] failed to meet that burden.

Schendel recommended that the board grant Decker's license application "with a sense of uneasiness. It is unfortunate that the health and education of high school students are subject to technicalities about burden of proof."

The board rejected Schendel's recommendation and subsequently denied Decker's license application on February 8, 1983. The superior court reversed the board's decision and ordered it to issue Decker a license.[4] In its memorandum decision, the court incorporated by reference the hearing officer's recommendations. This appeal followed.

## DISCUSSION

### A. Burden of Proof in Initial Application for a Liquor License

In *Alaska Alcoholic Beverage Control Board v. Malcolm, Inc.*, 391 P.2d 441 (Alaska 1964), the board protested the reissuance of a beverage dispensary liquor license to the applicant. We held that the state had the burden of proving that it would not be in the best interests of the public to reissue the license. *Id.* at 444. In this case, the hearing officer ruled that the state had both the burden of persuasion

---

1. The board relied on AS 04.11.410, which provides in part:

 A beverage dispensary or package store license may not be issued and the location of an existing license may not be transferred if the licensed premises would be located in a building the public entrance of which is within 200 feet of a school ground or a church building in which religious services are regularly conducted, measured by the shortest pedestrian route from the outer boundaries of the school ground or the public entrance of the church building.

2. AS 04.11.320(a)(1) gives the board discretion to deny any license application that the board finds not in the best interests of the public after review of all relevant information.

3. It is undisputed that the schools are more than 200 feet from the proposed liquor store. However, the record is unclear whether the West Valley school grounds are located either $\frac{2}{10}$ of a mile or $\frac{1}{10}$ of a mile away from Decker's mini-mall.

4. The superior court's decision has no impact on this court's review. "Where the superior court acts as an intermediate court of appeal, the supreme court will approach the issues independently." *Union Oil Co. of Cal. v. Dept. of Revenue*, 560 P.2d 21, 23, n. 5 (Alaska 1977) (citations omitted).

and the obligation to proceed first in accordance with *Malcolm*. By adopting the hearing officer's recommendation, the superior court agreed that the state should bear the burden of proof in Decker's application for a liquor license.

 The hearing officer erred when he shifted the burden of proof to the state. Ordinarily the party seeking a change in the status quo has the burden of proof.[5] Thus, the state has the burden of proof in revocation cases such as *Malcolm*, 391 P.2d at 444. However, in proceedings concerning the issuance of an original license, the burden is on the applicant for the license. "An applicant for a liquor license ... must sustain the burden of proving every material fact necessary to entitle him to receive the privilege which he seeks." 48 C.J.S. *Intoxicating Liquors* § 156 at 255 (1947). *See Martin v. Alcoholic Beverage Control Appeals Bd.*, 52 Cal.2d 259, 341 P.2d 291, 295 (1959) (burden of proof may be placed on applicant in license application proceedings but not in revocation proceedings).

In its statement of issues, the board informed Decker that it denied his application as not in the best interests of the public under AS 04.11.320(a)(1). Decker exercised his right to request a formal hearing on the board's decision under AS 04.11.510.[6] At the formal hearing, the burden of proof should have been placed on Decker to prove that his application was in the public interest.

**B. Standard of Review**

 As a liquor license applicant, Decker was entitled to a hearing conducted in compliance with the provisions of the Administrative Procedure Act (APA). AS 04.11.-510(b)(1). Additionally, AS 44.62.510 requires the board to make written fact findings and an ultimate determination in its post-hearing decision to grant or deny a license.[7] In this case, the board made the following written findings of fact:

> The Alcoholic Beverage Control Board finds that the proximity of Decker's proposed package liquor store to West Valley High School and Hutchison Career Center would contribute to the problem of teenage drinking at those schools and would be detrimental to school officials' efforts to deal with the problem of teenage drinking. The Alcoholic Beverage Control Board finds that Decker's proposed package liquor store is not necessary to serve the reasonable requirements of the area for the availability of alcoholic beverages and that the area is adequately served by existing package liquor stores.

On the basis of these two findings, the board concluded that Decker's proposed liquor store was not in the public interest.

Alaska Statute 44.62.570(b) lists the three grounds for reversal of an administrative decision subject to the APA.[8] Only the third ground, prejudicial abuse of discretion, is relevant here. According to the statute, abuse of discretion is established if "the agency has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence."

---

5. *See* 2 K. Davis, Administrative Law Treatise, § 14.14 (1958).

6. AS 04.11.510(b)(1) provides in part:

 [I]f an application is denied, the notice of denial shall be furnished the applicant immediately in writing stating the reason for the denial in clear and concise language; the notice of denial shall inform the applicant that he is entitled to an informal conference with either the director or the board, and that, if not satisfied by the informal conference, he is then entitled to a formal hearing before the board; if the applicant requests a formal hearing, the board shall adhere to AS 44.62.-330—44.62.630 (Administrative Procedure Act)....

7. AS 44.62.510 provides in part:

 A decision shall be written and shall contain findings of fact, a determination of the issues presented and the penalty, if any.

8. AS 44.62.570(b) provides in part:

 Inquiry in an appeal extends to the following questions: (1) whether the agency has proceeded without, or in excess of jurisdiction; (2) whether there was a fair hearing; and (3) whether there was a prejudicial abuse of discretion.

AS 44.62.570(b). In this case, Decker claims that the evidence in the record does not support the board's findings.

Decker contends that we must independently review the board's fact findings under the two-part standard set forth in AS 44.62.570(c).[9] However, the board submits that its findings are supported by substantial evidence and its decision has a reasonable basis and should be reinstated.

■ Although we agree that AS 44.62.-570(b) sets forth the guidelines for establishing abuse of discretion in this case, we reject Decker's contention that AS 44.62.-570(c) mandates an independent judgment of the evidence. Although AS 44.62.570(c) enables us to independently weigh the evidence by a two-part standard, we have consistently adhered to the substantial evidence on the whole record test under AS 44.62.570(c)(2) for reviewing administrative fact findings in quasi-judicial proceedings subject to the APA. *Keiner v. City of Anchorage,* 378 P.2d 406 (Alaska 1963).[10] We have subsequently followed that test. *See e.g., Galt v. Stanton,* 591 P.2d 960, 962–63 (Alaska 1979). Application of the substantial evidence test prevents a dislocation of the respective functions of administrative agencies and the courts. *Pan American Petroleum Corp. v. Shell Oil Co.,* 455 P.2d 12, 21 (Alaska 1969).

■ On the other hand, we apply the reasonable basis test when reviewing an agency's discretionary public policy decisions. *Jager v. State,* 537 P.2d 1100, 1107 (Alaska 1975); *Pan American Petroleum Corp. v. Shell Oil Co.,* 455 P.2d at 22. Since the administrative decision in this case involves separable fact findings and a discretionary policy choice, we shall apply the appropriate standard of review to each aspect of the board's decision. *Galt v. Stanton,* 591 P.2d at 965; *Weaver Bros., Inc. v. Alaska Transportation Commission,* 588 P.2d 819, 823 (Alaska 1978).

## C. The Board's Findings of Fact

In support of its conclusion that Decker's application was not in the best interests of the public, the board made two findings of fact. First, the board found that the proximity of Decker's store to West Valley and Hutchison would contribute to the problem of teenage drinking at those schools and would hamper school officials' efforts to deal with the problem. Second, the board found that the South Geist area was adequately served by existing package liquor stores. We must review the board's findings to determine if they are supported by substantial evidence in the light of the whole record. AS 44.62.570(c)(2).

The state presented eight witnesses to testify against Decker's application. Among the witnesses were an investigator employed by the board, two vice-principals and a former student president from West Valley, a school counselor from Hutchison, a director of student services at Tanana Valley Community College, and a pastor of a local church. Several witnesses believed that the proximity of Decker's store to West Valley and Hutchison would cause more high school students to drink by making it easier for nineteen-year-old students, who could purchase liquor legally at the time of the hearing, to supply alcohol to younger students. West Valley's vice-principal, Katherine Webb, testified that several students already purchased liquor from a store located in the school's vicinity. She was opposed to Decker's store because it is much closer than the other liquor stores and "easily accessible on foot during the lunch hour."

Witnesses testifying in favor of Decker's application opined that his store's proximity to the local schools would not affect the teenage drinking problem. However, these witnesses did not have the same extensive experience as the school officials at West Valley and Hutchison in dealing with the

---

**9.** AS 44.62.570(c) provides:

The court may exercise its independent judgment on the evidence. If it is claimed that the findings are not supported by the evidence, abuse of discretion is established if the court determines that the findings are not supported by (1) the weight of the evidence, or (2) substantial evidence in the light of the whole record.

**10.** We defined substantial evidence as evidence that a reasonable person might rely upon to support a conclusion. *Keiner v. City of Anchorage,* 378 P.2d at 411.

problem of teenage drinking. Therefore, we conclude that the board's first finding on proximity was supported by substantial evidence.

The board also found that Decker's proposed store was unnecessary to serve the reasonable needs of the neighborhood. In his recommendation, hearing officer Schendel noted that although there are no liquor stores in the South Geist neighborhood, there are package liquor stores on each of the routes leading into it. Schendel listed eight package liquor stores within five miles of South Geist. He stated: "The greatest inconvenience presently suffered is by residents of South Geist who do not wish to travel more than a half mile or so outside of their neighborhood."

To dispute the state's claim that his store was unnecessary, Decker introduced an opinion poll of 1109 neighborhood residents indicating strong support for his proposed store.[11] In addition, three residents testified on Decker's behalf that the proposed store would provide a convenient service to the South Geist neighborhood.

Despite the popularity of Decker's proposed store, we believe that a reasonable person might conclude that evidence of eight liquor stores within five miles of South Geist, two within a mile, supports the board's finding. Therefore, since substantial evidence in the record also supports the board's second finding, we are compelled by AS 44.62.570(b) to determine whether these two findings support the board's ultimate decision.

### D. The Board's Discretionary Policy Decision

We recognize that AS 04.11.320(a)(1) vests the board with discretion to deny liquor licenses not in the public interest. According to the legislature, AS 04.11.320(a)(1) "authorize[s] broad discretion in denial [of liquor licenses] for any reason found incompatible with the public interest."[12] "Where such discretion has been delegated to an administrative agency, our task is to determine whether there is a rational basis for the exercise of that discretion." *Galt v. Stanton,* 591 P.2d at 963.

It is undisputed that Decker's proposed store is located further than 200 feet from West Valley, Hutchison and Tanana Valley Community College. Nevertheless, the board may exercise its discretion and refuse to issue a license even though Decker's location complies with the requirements of AS 04.11.410.[13] *Alaska Alcoholic Beverage Control Bd. v. Malcolm, Inc.,* 391 P.2d at 445. *See also The Rogue v. Utah Liquor Control Commission,* 28 Utah 2d 212, 500 P.2d 509, 511 (1972) (statute prohibiting liquor commission from locating a liquor store in violation of local zoning ordinances does not mean that the commission cannot consider zoning in determining where liquor stores should be located). If a liquor store is located more than 200 feet from a school ground as required by AS 04.11.410, mere proximity to a school would not constitute good cause to deny a license. However, proximity coupled with some additional evidence disclosing a potential threat to the public interest will justify denial of a license. *Kirby v. Alcoholic Beverage Control Appeals Board,* 7 Cal.3d 433, 102 Cal. Rptr. 857, 498 P.2d 1105, 1110 (Cal.1972). In this case, the board found that Decker's proposed location would contribute to the teenage drinking problem at schools in the immediate vicinity. We hold that this finding provides a reasonable basis for the board's conclusion that Decker's application would not be in the best interests of the public.

The decision of the superior court is REVERSED and the board's decision to deny the license is AFFIRMED.

---

11. In the verified notarized poll of 1109 residents within a mile of Decker's property, 858 (77.3%) supported Decker's proposal.

12. Supp. No. 23 at 7 in 1 Senate Journal (1980), following p. 658.

13. *See* n. 1 for the text of AS 04.11.410.